## VAN H. HIGGINS

*v.*

## JAMES G. DWEN.

*Filed at Ottawa November 10, 1881.*

1. WILL—*construed as to property devised.* A will of a wife in these words: "I give and bequeath to my husband, James G. Dwen, all moneys and properties, real and personal, of every description, in the city of Chicago, county of Cook, and in Ogle county, State of Illinois; also, all money and properties which may hereafter come to me, by reason of will or otherwise, he to pay all my just debts," etc., was *held* to pass real estate of the testatrix in Cook county, although outside of the city of Chicago, to her husband.

2. SAME—*testator presumed to dispose of all his estate.* It is presumed that a testator, when he makes and publishes his will, intends to dispose of the whole of his estate, unless the presumption is rebutted by its provisions, or otherwise, by evidence to the contrary.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. VAN H. HIGGINS, *pro se.*

Mr. JAMES DARLOW, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill for a specific performance of a contract for the sale and purchase of forty-two acres of land in Cook county. The vendor tendered a deed, and the purchaser was willing to receive it and pay for the land if he could obtain a perfect title, but denies that the vendor can make such a title.

There are no disputed facts in the case, and it all depends on the question whether James G. Dwen took title to this land by the will of his wife, Ellen L. Dwen, deceased. The circuit court held he did, and the decree was affirmed on appeal to the Appellate Court for the First District, and the case is brought by appeal to this court.

The controversy grows out of the construction of this clause of the will: "I give and bequeath to my husband, James G. Dwen, all moneys and properties, real and personal, of every description, in the city of Chicago, county of Cook, and in Ogle county, State of Illinois; also, all money and properties which may hereafter come to me, by reason of will or otherwise, he to pay all my just debts," etc.

On the one side it is claimed, that the true meaning of the language gives Dwen only the property in the city of Chicago and in Ogle county, and not in Cook county outside of the limits of the city. On the other hand it is claimed, that title to all real estate situated in the city, and in Cook county outside of the city, as well as any situated in Ogle county, passed to the devisee, under the language of the will. This is the question presented for determination by this record.

The question may not be altogether free from doubt, but we are of opinion the latter view is correct. The language will bear that construction equally well, if not better, than the other. Testatrix held real estate in the city, and in Cook county out of the city, also in Ogle county, and on considering the clause the intention seems to have been to devise the

entire property of testatrix to her husband. Had such not been the case, after using the language employed some reservation or exception would have been made to exclude such an apparent intention. The first member of the clause gives "all moneys and properties, real and personal, of every description." Had it stopped here, no doubt could have existed that the intention was to invest the devisee with all of her property, of every description, wherever situated. The further clause, "also all money and properties which may hereafter come to me, by reason of will or otherwise," etc., seems clearly to manifest an intention to devise all of her property to him. These general descriptions are sufficient to have that effect, and show such an intention.

Nor does the local or special description of the location or situation of the property overcome the general description. To upset or overcome this general description, and to repel the intention it implies, language equally clear should have been employed in the local description. It is presumed that a testator, when he makes and publishes his will, intends to dispose of his whole estate, unless the presumption is rebutted by its provisions, or evidence to the contrary. *Smith* v. *Smith*, 17 Gratt. 268; *Irwin* v. *Zane*, 15 W. Va. 646.

Applying that presumption in this case, if testatrix did not intend to devise the real estate outside of the city, but in Cook county, to her husband, she would in all probability have devised it to some one else. The fact that she made a will, is a strong presumption that she intended to and did dispose of the whole of her estate. This presumption is strengthened from the fact that language was employed that reasonably bears that construction, and no clause in the will contradicts it.

We are, after a careful consideration of the question, of opinion that the land outside of the city in Cook county passed by the will to James G. Dwen, precisely as did the city property and the property in Ogle county.

The decree of the Appellate Court is therefore affirmed.

*Decree affirmed.*