SALLIE C. KING *et al.*

*v.*

ELLEN S. KING *et al.*

*Opinion filed November 1, 1897.*

| 168 | 273 |
| 207 | 171 |
| 168 | 273 |
| 210 | ²251 |
| 111a | ²246 |
| 168 | 273 |
| 214 | ⁶252 |

1. WILLS—*purpose in construing a will is to discover and carry out the testator's intention.* The purpose in construing a will is to determine the testator's intention, and to carry out that intention unless some established rule of law presents an obstacle to its execution.

2. SAME—*testator is presumed to have intended to dispose of all his estate.* In construing a will it will be presumed that the testator did not intend to die intestate as to any portion of his estate, and, if possible, such a construction will be adopted as will dispose of the entire estate.

3. SAME—*language of will creating a trust, construed.* A devise of property to trustees, to be held by them for the testator's grandson, so that he and "his wife and child or children might at all times have a comfortable support provided for them," creates a "spend-thrift trust," terminating upon the death of the parties.

4. SAME—*when cestui que trust takes no vested right.* A devise of property to trustees to hold in trust for the testator's grandson and his wife and children, with directions to the trustees to pay over the same to such grandson, his wife or children, at the trustees' discretion, so that the family might at all times have a comfortable support from the trust property, which should not be subject to the grandson's debts, neither creates a vested estate in the grandson nor a gift *in presenti* in the wife and children.

5. SAME—*clause construed as to disposition of trust property upon termination of trust.* Where the general plan of a will is to give to each of the testator's children an equal share, but as to a grandchild taking a deceased child's share the will creates a spendthrift trust, and provides that in case such grandchild die without children the property undisposed of when the trust ceased should go to the testator's children or their descendants, upon the death of such grandchild leaving children the property undisposed of passes to the latter in fee.

6. TRUSTS—*when trustees take the fee in trust estate.* Where property is devised to trustees with power to pay over the interest and principal to the *cestui que trust,* his wife and children, or any of them, at the trustees' discretion, so that the family might at all times have a comfortable support, the trustees take the fee in the trust estate during the continuance of the trust.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

THOMAS B. BROUGHAM, and SEYMOUR EDGERTON, for appellant Fernando Jónes:

The seventh clause of the will contains no gift, *in presenti* or otherwise, of the *corpus* of the trust estate to William Jones King, or his wife or his children, to them jointly or to any or either of them. Hence the equitable fee to the *corpus* of said trust estate is not thereby vested in William Jones King, his wife or his children, in them jointly or in any or either of them. 3 Washburn on Real Prop. (4th ed.) 523; *Doe* v. *Sheffield*, 13 East, 526; *Davenport* v. *Kirkland*, 156 Ill. 159; *Carney* v. *Kain*, 40 W. Va. 758; *Hanson* v. *Wright*, 88 Tenn. 502; *Easterly* v. *Keney*, 36 Conn. 18; Theobald on Wills, 377; *Palmer* v. *Stevens*, 15 Gray, 343; *Scawin* v. *Watson*, 10 Beav. 200; *Lassence* v. *Tierney*, 1 Mac. & G. 551; *Gompertz* v. *Gompertz*, 2 Ph. Ch. 107; *Howland* v. *Clendening*, 134 N. Y. 305; *Penrose's Estate*, 4 Pa. Dist. 773.

An estate by implication is only raised to effectuate the intention of the testator, and not where there is an expression of a contrary intent. *Ferson* v. *Dodge*, 23 Pick. 287; *Grout* v. *Hapgood*, 13 id. 159; *Kelly* v. *Gonce*, 49 Ill. App. 82; *Rathbone* v. *Dyckman*, 9 Paige, 9; O'Hara on Interpretation of Wills, 166; 2 Redfield on Wills, (3d ed.) 204, 206; 1 Jarman on Wills, (6th ed.) 499, note 1, 532, 502; *Burton* v. *Black*, 30 Ga. 638; *Wilkinson* v. *Adams*, 1 V. & B. 466; *Carr* v. *Porter*, 1 McCord's Ch. 61; 2 Roper on Legacies, 1464; *Illinois Land Co.* v. *Bonner*, 75 Ill. 315; *Hunt* v. *Evans*, 134 id. 496; *Ridgely* v. *Bond*, 18 Md. 433.

There is no implication in favor of the children of the first taker where there is a gift over upon the death of the first taker without issue or without children. In other words, children cannot take by implication as purchasers. 2 Redfield on Wills, (3d ed.) 204; 1 Jarman on Wills, (6th ed.) 523-525; *Monypenny* v. *Dering*, 7 Hare, 588; *Smith* v. *Kimball*, 153 Ill. 368; *Summers* v. *Smith*, 127 id. 645; *Glover*

v. *Condell*, 163 id. 566; Theobald on Wills, 568; *Kinsella* v. *Caffray*, 11 Ir. Ch. 154; *Friedman* v. *Steiner*, 107 Ill. 125; *Carr* v. *Porter*, 1 McCord's Ch. 61; *Neighbour* v. *Thurlow*, 28 Beav. 33; *Green* v. *Ward*, 1 Russ. 262; *McLure* v. *Young*, 3 Rich. Eq. 559; *Manigault* v. *Deas*, Bailey's Eq. 292; *Henry* v. *Archer*, id. 527; *Kelly* v. *Gonce*, 49 Ill. App. 82; *Illinois Land Co.* v. *Bonner*, 75 Ill. 316.

PENCE & CARPENTER, for appellant Sallie C. King, and HENRY BARTHOLOMAY, for appellant Clinton C. Clarke, Jr.:

The law does not favor the abeyance of estates, and estates in remainder, legal or equitable, are regarded as vested immediately, unless by clear words a contrary intention is manifested. *Grimmer* v. *Friederich*, 164 Ill. 245; *Scofield* v. *Olcott*, 120 id. 362; *Doe* v. *Considine*, 6 Wall. 469.

Words of apparent postponement, as to the comfortable support of the family or the mode of enjoyment, are considered only as creating a charge upon the estate, and as not interfering in any way with the vesting of the estate. *Scofield* v. *Olcott*, 120 Ill. 376; *Railsback* v. *Lovejoy*, 116 id. 442.

It is presumed that a testator does not intend to die intestate as to any part of his estate, unless such intention is clearly manifested. *Higgins* v. *Dwen*, 100 Ill. 554; *Hayward* v. *Loper*, 147 id. 41.

Where there is no direct gift except in the direction to pay or distribute, even in such a case the estate would become vested if it appears that the payment or distribution is postponed simply for the convenience of the estate. *Grimmer* v. *Friederich*, 164 Ill. 248; *Scofield* v. *Olcott*, 120 id. 362; *Carper* v. *Crowl*, 149 id. 465.

WILSON, MOORE & MCILVAINE, for appellee Ellen S. King:

Where a remainder is limited to take effect in possession, if ever, immediately upon the determination of a

particular estate, which estate is to determine by an event that must unavoidably happen by the efflux of time, the remainder vests in interest as soon as the remainder-man is *in esse* and ascertained, provided nothing but his own death before the determination of the particular estate will prevent such remainder from vesting in possession. *Doe* v. *Considine*, 6 Wall. 476.

Upon a devise or bequest of real or personal estate in trust for the child or children of any person until they attain the age of twenty-one, followed by a gift over to a third person in case the children do not live to attain twenty-one, the children, if they live to attain twenty-one, take absolutely. 2 Jarman on Wills, (R. & T. ed.) 112-130.

The presumption is that the testator did not intend to leave any portion of his estate undisposed of by his will. If such a construction can reasonably be given to the will as will dispose of the entire estate of the testator, such construction should be adopted. *Hayward* v. *Loper*, 147 Ill. 41.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

William Jones died in the year 1868, leaving a last will and testament, which was duly probated, and the only question in this suit is the proper construction of the seventh clause of that instrument, which is as follows:

"*Seventh*—I do hereby give, devise and bequeath all the rest, remainder and residue of my estate and property, both real and personal, to my children, to be equally divided between them, and it is my will and intention that the representatives of my deceased children shall each take and receive out of the said residue of my estate the part that such deceased child would have taken if living at the time of my decease, except the representative of my deceased daughter, Mrs. King, and as to her representative, William Jones King, my grandson, it is

my will and desire to vest his portion that he otherwise
would receive under this will, in trustees, who shall hold
such portion for him and his family as hereinafter pro-
vided, and to that end it is hereby provided that such
estate shall be vested in the following named trustees,
viz., Ambrose Burnam, Edwin O. Gale and my son Louis
C. Jones; and I do give, devise and bequeath the said
estate and property, both real and personal, to which my
daughter, Mrs. King, would, if living, receive and be enti-
tled to under this will, and to which William Jones King,
my grandson, would be entitled, to Ambrose Burnam, Ed-
win O. Gale and to my son Louis C. Jones, as trustees, to
be by them held in trust for said William Jones King, and
for his wife and child or children, to be paid over to said
William Jones King or his wife or children, or such of
them as the said trustees, in their discretion, may think
proper, so that the said William Jones King and his wife
and children may, each of them, at all times have a com-
fortable support provided for them out of said property
so hereby bequeathed to said trustees: *Provided,* that said
property shall not be subject to any debt or debts which
may hereafter exist or be created against said William
Jones King.   And it is my will that in the event of the
death of the wife of said William Jones King, and of his
leaving no children surviving him, that then and in such
case the said trustees, after the death of said William
Jones King, shall convey and transfer to my children and
their descendants all the estate, both real and personal,
then in their hands or remaining undisposed of, to be held
by my children in fee and forever, for their own use and
benefit.   And I hereby direct that said trustees, nor any
of my trustees or executors hereafter named, need not
give bond or security for the performance of their duties
as such trustees or executors."

At the death of the testator, William Jones, he left
three living sons, one of whom was the appellant Fer-
nando Jones and the others were Kiler K. Jones and Louis

C. Jones. He also left three grandchildren, William Jones King, son of a deceased daughter, Emily Jones King, and two of the appellants, Anna J. Norcross (now Swett) and William J. Norcross, children of another deceased daughter. These sons and grandchildren were his only heirs-at-law. William Jones King, whose share of the estate was vested in trustees by the seventh clause of the will, was married and had one child, Byram Jones King. Later another child, Sallie C. King, one of the appellants, was born. In the year 1870 William Jones King died intestate, leaving Susan C. King, his widow, and his children, Byram Jones King and Sallie C. King, his only heirs-at-law. After the death of William Jones King, his widow, Susan C. King, was married to Clinton C. Clarke, by which marriage Clinton C. Clarke, Jr., was born. In the year 1888 Susan C. Clarke died, leaving Clinton C. Clarke, her husband, and her children, Byram Jones King, Sallie C. King and Clinton C. Clarke, Jr., her only heirs-at-law. Byram Jones King died in 1893, leaving the appellee Ellen S. King his widow, and by his will he devised to her his estate, to be held by her during her life, with the power of disposition by deed or will.

After the death of the testator, William Jones, his executors made partition of the residuary estate, and conveyed to the trustees appointed by the seventh clause of the will one-fifth of such estate, which share has been held by the trustees in severalty since said conveyance. They have collected the rents and applied so much as was necessary for the support and maintenance of William Jones King and his family. Controversies having arisen as to the right of the respective parties, Edward O. Gale, sole surviving trustee, filed the bill of complaint in this case, praying for a construction of the will and of the trust thereby created. In the circuit court the chancellor, in construing the will, held that the trust terminated upon the death of Susan C. Clarke, widow of William Jones King, and that thereupon Byram Jones King and

Sallie C. King, children of said William Jones King who survived him, became seized of an absolute estate, share and share alike, free from any trust, and that the share of Byram Jones King passed under his will to his widow, the appellee Ellen S. King.  From the decree entered in accordance with this holding three appeals were prosecuted: one by Fernando Jones, another by William J. Norcross and Anna J. Swett, and a third by Sallie C. King.  The decree is also questioned by Clinton C. Clarke, Jr., and he has assigned cross-errors upon the record.

One of the questions about which the parties contend is the duration of the trust created to secure a comfortable support to William Jones King and his family.  With reference to this question, as well as the other grounds of contention in the case, it may be said, as has been said in almost every case where a will has been under consideration, that the purpose of construction is to make out what the testator's intention was as he expressed it in his will.  That intention having been ascertained, it is to be carried out unless an obstacle to its execution is interposed by some established rule of law.  In this case, if the construction given by the chancellor is found to be correct, it is not claimed that there is any rule of law with which it would conflict so as to prevent its execution.  If William Jones, by his will, expressed an intention to create a trust which should terminate upon the death of William Jones King and his wife, or the survivor of them, and that if William Jones King left children surviving him the estate remaining undisposed of should pass to such children, there is no reason why such intention should not be given full effect.  In opposition to the finding that the trust did so terminate, it is insisted by the appellants Sallie C. King and Fernando Jones, as well as by Clinton C. Clarke, Jr., under his assignment of cross-errors, that the trust is not ended, but that it must continue until said Sallie C. King, the last survivor of the children of William Jones King, shall die, and that

she will be entitled to a comfortable support out of the entire estate during the remainder of her life.

The trust created is conceded to have been a spendthrift trust. The character of William Jones King as a spendthrift was the primary cause for the creation of it. It was not a part of the testator's plan to create trusts for any other reason, and his estate was devised directly except as to the portion of the spendthrift. As to him the trust was created merely for the purpose of preventing his portion of the estate being wasted by him or becoming subject to his debts. To this end the testator declared, "it is my will and desire to vest his portion that he otherwise would receive under this will, in trustees, who shall hold such portion for him and his family as hereinafter provided." This was a declaration of the testator's purpose to have the share of the spendthrift, William Jones King, held for him and his family, so that those whom he might have been expected to support if he had not been a spendthrift, might be secured in such support, free from waste by him or the claims of his creditors. By it he clearly intended a family provision, and to carry out such provision he then devised the portion of William Jones King to the trustees, to be held in trust and to be paid over to William Jones King or his wife or children, or such of them as the trustees, in their discretion, might think proper. When William Jones King died the property could not thereafter be wasted by or through him, and when his widow also died, his family, as such, ceased to exist, and the sole purpose of the testator in the creation of the trust, as disclosed by the will, had been fully accomplished.

It is claimed, however, that an intention that the trust should continue after the death of the spendthrift and his wife, when there was no longer any family, is shown by this provision: "So that the said William Jones King and his wife and children may each of them, at all times, have a comfortable support provided for them." The

testator, in stating the purpose of the trust, used the
words "for him and his family," and the subsequent and
more specific words indicate who were included as the
family.   These subsequent words do not, as we think,
mean that the persons named need not be members of his
family.   The provision relied upon was rather declara-
tory of the purpose of the trust than to define its dura-
tion.   Its object was to secure the estate against the
spendthrift by providing that the trustees might either
make payment to him or his wife or his children, or such
of them as the trustees might think proper.   The trustees
could, if in their discretion they thought best, pass by
William Jones King, and pay the money to the wife, or
either child who would best apply it to the object of the
trust.   This was what the testator had in mind in making
that provision.   The term "at all times" may as well mean
during the continuance of the trust as during the lives of
the individuals after the purpose of creating the trust
had been fully accomplished.   The testator manifested an
intention that the trust should continue until the death
of the wife of William Jones King as well as his death by
providing for the disposition of the trust estate upon a
certain contingency at that time; but we agree with the
chancellor that it was not continued beyond the death of
Susan C. Clarke.

The next question is, what became of the remainder
of the estate on the termination of the trust?   The ap-
pellee, Ellen S. King, maintains that the decision of this
question in the circuit court was right.   Sallie C. King
and Clinton C. Clarke, Jr., contend that under the devise
William Jones King, Susan C. King, his wife, and Byram
Jones King and Sallie C. King, his children, became seized
of an equitable estate in fee, as tenants in common, share
and share alike, each being vested with one-fourth, sub-
ject only to a charge upon the entire estate, and the
income thereof, for the comfortable support of each of
them during their lives; that on the death of William

Jones King his one-fourth descended to Byram Jones King and Sallie C. King; that on the death of Susan C. Clarke her one-fourth passed, by descent, to Byram Jones King, Sallie C. King and Clinton C. Clarke, Jr.; that on the death of Byram Jones King his share went to the devisee under his will; that Sallie C. King is entitled to her support to the extent of the whole estate, if necessary, and that the remainder is vested in the parties in the following proportions: Eleven twenty-fourths in Ellen S. King, devisee of Byram Jones King, eleven twenty-fourths in Sallie C. King, and two twenty-fourths in Clinton C. Clarke, Jr. Fernando Jones claims there was no disposition, by the will, of the *corpus* of the trust estate; that a resulting trust is raised in the unexpended residuum for the heirs-at-law of the testator, and that such residuum passes to them at the end of the trust. Fernando Jones is entitled to such residuary interest, if any exists, by virtue of a conveyance to him.

In determining whether there was any disposition of the trust estate after the termination of the trust, the presumption that the testator did not intend to die intestate as to any portion of his estate is to be borne in mind. If such a construction can be given to the will as disposes of the entire estate, it must be adopted. *Higgins* v. *Dwen,* 100 Ill. 554; *Scofield* v. *Olcott,* 120 id. 362; *Taubenhan* v. *Dunz,* 125 id. 524; *Hayward* v. *Loper,* 147 id. 41; *Whitcomb* v. *Rodman,* 156 id. 116; 2 Jarman on Wills, 469; 2 Redfield on Wills, 235.

The general scheme of the testator for the distribution of his residuary estate was first stated to be a division of it into five equal parts, to be equally divided among his children, the representatives of his deceased children to take the portions of such deceased children. Nothing could be plainer than this, for he declared it as follows: "I do hereby give, devise and bequeath all the rest, remainder and residue of my estate and property, both real and personal, to my children, to be equally di-

vided between them, and it is my will and intention that the representatives of my deceased children shall each take and receive, out of the said residue of my estate, the part that such deceased child would have taken if living at the time of my decease,"—with the exception that the gift was not to take effect *in presenti* as to Mrs. King's representative, William Jones King. Counsel for Fernando Jones say that by this exception the representative of the deceased daughter, Mrs. King, was particularly excepted from the general scheme for the distribution of the estate. The exception was as follows: "Except the representative of my deceased daughter, Mrs. King, and as to her representative, William Jones King, it is my will and desire to vest his portion that he otherwise would receive under this will, in trustees, who shall hold such portion for him and his family as hereinafter provided." We do not understand that this provision negatived the intention, so plainly shown, that there should be an equal division among the living children and the issue of those that were dead. It does not mean that the issue of Mrs. King was not to be included in the plan, but only that William Jones King should not receive his portion, and that it was to be vested in trustees rather than in him. In making the exception the testator called that share the portion of William Jones King, and vested "his portion" in trustees. We find nothing in the will to overcome the presumption that the testator intended to dispose of his entire estate. He doubtless considered that the creation of the trust estate in such a manner that the spendthrift could not waste or dispose of it and that it could not be seized for his debts, rendered it necessary to make some disposition of it in the event of a failure of issue. Having in mind the possibility that William Jones King might die without leaving children, so that the estate would not go under the general plan, he made provision for the disposition of the trust estate upon the happening of that event, so that

in any contingency his entire estate would be disposed of by will.

The contention of counsel for Sallie C. King and Clinton Clarke, Jr., that an equitable fee was vested in William Jones King, his wife and children, share and share alike, we regard as plainly unsound. The general rule is, that any kind of an estate may be devised by will according to the intention of the testator, and, if no rule of law prevents, he may adjust the rights and interests of the devisees as he may choose. In this case, to hold that any estate in the trust property was vested in William Jones King and his wife and children, as tenants in common, would defeat the clear intent of the testator, and no rule of law requires that an estate should vest in them. The language of the will does not purport to vest such an estate. The only provision for William Jones King or his family is for a comfortable support, and this created no estate in them., The one thing which the testator did not intend to do was to vest any estate in William Jones King. The intention to secure a comfortable support to him and his family out of the trust estate, free from the danger of its being disposed of by him and free from the claims of his creditors, is incompatible with the idea that an equitable fee in the trust estate was vested in him. He did not acquire a vested interest in the money to be paid, but the trustees might, in their discretion, give it to his wife, or his children, or any child. Even the moneys paid to him did not become his property, under the provisions of the will, until actually paid over to him. (*Waldo* v. *Cummings*, 45 Ill. 421; *Steib* v. *Whitehead*, 111 id. 247.) An equitable estate implies the right to the beneficial use of the estate or its income or proceeds. If William Jones King were vested with such an estate it would carry with it the same incidents as a legal estate subject to the limitations of the devise. He would have the power of alienation, and upon his death it would be subject to his debts. As to the wife and children, we

can see no ground for claiming that there was a gift *in presenti* to them. They are only mentioned as sharing in the right to maintenance.

The trustees had the power to appropriate the entire trust estate, if needed, to the purposes of the trust. This required that they should take the fee in the trust estate, and it is clear, under the authorities, that they did take the fee. (*Kirkland* v. *Cox*, 94 Ill. 400; *Green* v. *Grant*, 143 id. 61.) They took the entire estate in the trust property during the continuance of the trust, with the right to dispose of the estate and to appropriate both principal and income for the purposes of the trust, and only the residue remaining unspent at the termination of the trust vested in any other person.

By the will the remaining estate, after the expiration of the trust, was to go to the testator's other children and their descendants upon an event which did not happen and never can happen, viz., the death of William Jones King leaving no children surviving him. Having left two surviving children, the general plan of the will and the plain intention as manifested upon a consideration of the whole instrument, appear to have been to devise the share of the estate to them. Many authorities have been cited and cases commented upon by counsel for appellants upon the question of estates arising by implication under a devise, but an examination of them has shown that they throw but little light upon the question under consideration. Whether a devise to one with a limitation over in case of the death of the first taker without issue, conferred an estate tail by implication at common law, so that the entail and remainder could be barred and the estate turned into a fee simple, or whether issue would take as purchasers by implication, affords little aid in the decision of this case. Here there was no estate for life or any other estate vested in William Jones King or his wife or children, but only a right to maintenance. Having no estate he could not make provision for

his issue, and the motive for implying an estate tail in such cases, even if estates tail existed in this State, is wholly absent. It is not denied that the clear intent of the testator, as gathered from the entire scope of his will, must prevail. If there is on the face of the will a plain intention of the testator that the estate should go to the children, it should be so held. (*Kinsella* v. *Caffrey*, 11 Irish Ch. 154.) We think the intention of the testator was that the estate should go to the issue of William Jones King, if he left any. The effect of rejecting this construction would be to leave the property undisposed of, which would be against the presumption of law, and to practically disinherit the issue of Mrs. King, daughter of the testator, which we think would utterly defeat his intention.

The decree of the circuit court will be affirmed.

*Decree affirmed.*