MARTHA A. VESTAL *et al.*

*v.*

DAVID J. GARRETT *et al.*

*Opinion filed June 19, 1902.*

1. WILLS—*unambiguous words cannot be varied by evidence of extraneous facts.* If the words of the testator as to the donee and the subject of the gift are unambiguous, such words cannot be varied by evidence of extraneous facts, however clearly a different intention may appear.

2. SAME—*false words of description may be rejected.* When there is a latent ambiguity in the description of the object of a gift, and such ambiguity can be removed by rejecting false words, leaving a complete description, the court should reject them.

3. SAME—*illustration of removing ambiguity by rejecting false words of description.* Where the testator, in attempting to dispose of an undivided eighty acres of land, devises fifteen acres to each of two sons and fifty acres to a daughter, "of the undivided south-west three-fourths of the south half of the south-west quarter and the west half of the south-east quarter of section 33," etc., the words

"south-west three-fourths of the south half of the" may be rejected as meaningless, leaving a perfect description.

4. SAME—*provisions of will not inconsistent with codicil must be given effect.* In construing a will and a codicil the disposition made by the will should not be disturbed further than is absolutely necessary to give effect to the codicil.

5. SAME—*language of codicil construed as to passing remainder.* A codicil which devises land which by the will had already been given in fee to a daughter, to the testator's wife, "for her sole use and benefit during her life," but which makes no disposition of the remainder, leaves such remainder still in the daughter.

APPEAL from the Circuit Court of Mercer county; the Hon. F. D. RAMSAY, Judge, presiding.

BASSETT & BASSETT, for appellants.

There is a latent ambiguity in the will of Garrett in regard to the description of the land. 1 Am. & Eng. Ency. of Law, (1st ed.) 530.

In construing a will, extrinsic evidence is permissible to show the existing state of facts at the time the will was made, in order to interpret it,—especially where there is a latent ambiguity. *Decker* v. *Decker*, 121 Ill. 350; *Bingel* v. *Volz*, 142 id. 224.

Contradictory or useless portions of a will may be disregarded and words rejected in construing a will in order to carry out the intention of the testator. *Bowen* v. *Allen*, 113 Ill. 57.

The codicil does not in terms revoke the devise to Martha A. Vestal, and in its effect only revokes it so far as to limit the gift to the remainder by carving out a life estate. There is no ambiguity in the words used in the codicil, and extrinsic evidence is not admissible to show the intention of the testator by what he said when the codicil was drafted. Page on Wills, sec. 820.

WILLIAM J. GRAHAM, and GRAHAM & BURGESS, for appellees:

Declarations of intention by a testator are admissible only where the ambiguity is latent, and are confined to

that class of latent ambiguities known as equivocations. 1 Jarman on Wills, 429-437; Browne on Parol Evidence, 437, 438; Schouler on Wills, sec. 576.

In several cases in Illinois the declarations of the testator have been held inadmissible. *Dickie* v. *Carter*, 42 Ill. 389; *Richards* v. *Miller*, 62 id. 417; *Brownfield* v. *Wilson*, 78 id. 467; *Kirkland* v. *Conway*, 116 id. 438; *Hawhe* v. *Railroad Co.* 165 id. 564.

A tenant in common whose own interest is not specifically located cannot pass title to another by devising to that other an unlocated tract described as so many acres. *Phillips* v. *Tudor*, 10 Gray, 78.

To give the devise under consideration the effect claimed for it is virtually to reform it, and this our Supreme Court has held cannot be done under guise of a bill to construe. *Kurtz* v. *Hibner*, 55 Ill. 514; *Bingel* v. *Volz*, 142 id. 214; *Bishop* v. *Morgan*, 82 id. 351; *Williams* v. *Williams*, 189 id. 500.

CONNELL & THOMASON, also for appellees:

While the general rule is that the intention of the testator is to be gathered from an inspection and consideration of the will, and from no other source, yet in cases of latent ambiguity courts do, and must, listen to extrinsic evidence, not for the purpose of contradicting or adding to the terms of the will, but for the purpose of determining the existence or non-existence of latent ambiguity, and to enable the court to look upon the will in the light of the facts and circumstances surrounding the testator at time the will was made, whereby to determine the intention of the testator. *Decker* v. *Decker*, 121 Ill. 341.

In construing wills, parol testimony is competent to prove the circumstances surrounding the testator, the condition of his property, his relations to his family, etc. *Randall* v. *Bolton*, 172 Ill. 439.

In arriving at the intention of testator, false words of description of devised premises may be stricken out,

and if enough remains to identify the premises intended to be devised, the will may be read and construed with the false words eliminated. *Huffman* v. *Young*, 170 Ill. 290.

While words cannot be added to a will in the construction of the same, yet in arriving at the intention so much as is false in a description may be stricken out, provided enough remains to identify the premises intended to be devised. *Whitcomb* v. *Rodman*, 156 Ill. 116.

A will and codicil are to be construed as one instrument, but in case of inconsistency the codicil will prevail. Beech on Law of Wills, sec. 314.

In construing a will the whole scope and plan of the will should be considered and its various provisions compared. *Phayer* v. *Kennedy*, 169 Ill. 360; *In re Dick's Estate*, 67 Ill. App. 455; *Blakeslee* v. *Mansfield*, 66 id. 116; *Young* v. *Harkleroad*, 166 Ill. 318.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On the 23d day of February, 1892, William Lafferty deeded to Richard Garrett and his two sons, David J. and Douglas, jointly, the south-west quarter and the west half of the south-east quarter of section 33, township 13, north, range 3, west, in Mercer county, this State. On the 13th day of July, 1893, Richard Garrett made a will, by which he disposed of all his real estate, consisting of over three hundred acres, besides the above described land conveyed to him and his said sons jointly, and also of his personal property. The sixth clause of the will is as follows:

"*Sixth*—I give and devise to my sons David J. Garrett and Douglas Garrett, their heirs and assigns, and to my daughter Martha A. Vestal, her heirs and assigns, the following tracts or parcels of land: Fifteen acres to David J. Garrett; fifteen acres to Douglas Garrett and fifty acres to Martha A. Vestal, of the undivided south-west three-fourths of the south half of the south-west quarter and the west half of the south-east quarter of

section 33, in township 13, north, range 3, west of the fourth principal meridian, together with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining; to have and to hold the premises above described to the said David J. Garrett, Douglas Garrett and Martha A. Vestal, their heirs and assigns forever."

On the 29th day of March, 1895, he made the following codicil:

"Whereas, I, Richard Garrett, * * * have made my last will and testament, * * * in and by which I have given and bequeathed to my daughter Martha A. Vestal fifty acres of land of the undivided south-west three-fourths of the south one-half of the south-west quarter, and the west one-half of the south-east quarter of section 33, township 13, north, range 3, west of the fourth principal meridian. Now, therefore, (my said daughter Martha A. Vestal having received other property in lieu of said bequest,) I do by this writing, which I declare to be a codicil to my last will and testament and to be taken as a part thereof, order and declare it my will that the above described premises be given and devised to my wife, Juliette Garrett, for her sole use and benefit during her life; and lastly, it is my desire that this codicil be annexed to and made a part of my last will and testament, as aforesaid, to all intents and purposes.

"In witness whereof I have hereunto set my hand and seal this 29th day of March, in the year of our Lord one thousand eight hundred and ninety-five."

The testator died on the 14th day of December, 1897, leaving his widow, Juliette, and twelve children, surviving him, and thereupon his said will, with the codicil attached, was duly admitted to probate. Peyton Garrett, one of the sons, died subsequent to the death of his father, leaving a widow, Maude, and one infant son, Peyton, Jr., surviving him. Douglas Garrett and David J. Garrett, joint grantees in the Lafferty deed, with their

other brothers and sisters, except the sister Martha A.
Vestal, joined with their mother in a bill for partition of
the said land described in the Lafferty deed, making the
said Martha A. Vestal and the widow and infant son of
Peyton Garrett defendants.   By this bill the complain-
ants David J. and Douglas each claimed an undivided
eighty acres, or one-third of the said land, and an un-
divided fifteen acres in the one-third interest of their
father under his will; also, that the undivided fifty acres
of said one-third willed first to Martha A. Vestal passed
to the heirs of their father, under the codicil of March 29,
1895, as intestate estate, subject to a life interest in
their mother, and that each of the said twelve children
of Richard Garrett, or their descendants, should take
by inheritence one-twelfth of the remainder of said fifty
acres in fee.   Martha A. Vestal answered, admitting the
death of the father and the execution of his will as al-
leged in the bill, and averred that the description of
the land in section 33, though not strictly accurate, was
sufficient to pass all his interest therein.   She admitted
that the codicil gave her mother a life estate in the fifty
acres, but denied that it revoked the gift of the remainder
in fee to her, which she claimed subject to the said life
estate.   Maude and Peyton Garrett, Jr., widow and in-
fant son of Peyton Garrett, deceased, also answered the
bill, alleging that the sixth clause of the will, and the
codicil thereto, were void for uncertainty, and that the
land should be partitioned among the heirs of Richard
Garrett as intestate estate.   On the hearing, verbal tes-
timony was introduced by the complainants, subject to
the objection of Martha A. Vestal, to the effect that the
testator, between the making of his will and the codicil,
gave Martha A. $2000, and that he gave specific verbal
directions about the drafting of the codicil.   The circuit
court decreed that the description of the land in the sixth
clause and in the codicil was sufficient to pass the in-
terest of the testator as therein provided, and that the

codicil revoked the gift to Martha A. Vestal, and left the fifty acres devised to her, intestate estate, except as to the life estate of the widow. This appeal is by Martha A. Vestal, Maude Garrett and Peyton Garrett, Jr.

Martha A. Vestal, by her assignments of error, questions only the decree of the court below in so far as it holds that the codicil revoked the devise to her made by the sixth clause of the will. Maude and Peyton Garrett, Jr., assign for error the refusal of the court to hold the said sixth clause of the will, and the codicil, void for uncertainty. It will be proper to consider this last question first, because if the contention of appellants Maude and Peyton Garrett, Jr., prevails in that regard, the claim of Martha A. Vestal will also be thereby disposed of.

Manifestly, the testator intended by the sixth clause of his will to dispose of his entire interest in the south-west quarter and the west half of the south-east quarter of said section 33. That intention is evidenced, first, by the presumption that a person who makes and publishes a will intends to dispose of his whole estate thereby, unless there is something in the will to rebut that presumption; (*Higgins* v. *Dwen*, 100 Ill. 554; *Woman's Union Missionary Society* v. *Mead*, 131 id. 338;) and secondly, by the fact that he did dispose of all his other property by will and attempted to devise the exact quantity of land he owned in said tracts,—that is to say, he devised to his sons David J. Garrett and Douglas Garrett thirty acres,—fifteen to each,—and to his daughter Martha A. Vestal fifty acres, making in all eighty acres, the undivided one-third of two hundred and forty acres which he owned jointly with his two sons. The difficulty, if any, upon this branch of the case, is to determine whether effect can be given to that intention without doing violence to settled and recognized rules for the construction of wills. Inasmuch as our statute requires all last wills and testaments to be in writing and properly witnessed, extrinsic evidence is never admissible to alter, detract

from or add to the terms of a will. If the words of the testator as to the donee and subject of the gift are unambiguous, those words cannot be varied by evidence of extraneous facts, however clearly a different intention may appear. *Kurtz* v. *Hibner*, 55 Ill. 514; *Bishop* v. *Morgan*, 82 id. 351; *Bingel* v. *Volz*, 142 id. 214; *Williams* v. *Williams*, 189 id. 500.

Although it is urged that this court departed from the above rule in *Whitcomb* v. *Rodman*, 156 Ill. 116, and although it is said in a note to section 489 of Paige on Wills (p. 573) that *Whitcomb* v. *Rodman* tacitly overrules *Bingel* v. *Volz*, the intention to do so was expressly disclaimed in the later case of *Huffman* v. *Young*, 170 Ill. 290. We regard the rule as founded upon authority and reason and not to be disregarded, otherwise the courts may in every such case make a will for a testator under the guise of construing and enforcing it. When, however, there is a latent ambiguity in the description of the object or subject of the gift, and such ambiguity can be removed by rejecting false words, leaving a complete, intelligible description, it is the duty of courts to do so, as where there are two descriptions, one good and the other bad, the authorities are uniform to the effect that the latter may be rejected. (*Emmert* v. *Hays*, 89 Ill. 11.) The same principle is announced in *Myers* v. *Ladd*, 26 Ill. 415, and *Swift* v. *Lee*, 65 id. 336. We said in *Bowen* v. *Allen*, 113 Ill. 53, when there is, from the entire description, ambiguity and doubt as to the identity of the property, courts have uniformly held that any contradictory or useless portion of the description may be disregarded, so as to render the description certain and complete. See, also, *Decker* v. *Decker*, 121 Ill. 341; *Whitcomb* v. *Rodman, supra; Huffman* v. *Young, supra.*

The description, "of the undivided south-west three-fourths of the south one-half of the south-west quarter," is certainly ambiguous, if not meaningless, on the face of it. It means, if anything, the undivided south-west

three-fourths out of the south-west corner of the south half of the south-west quarter, which is unreasonable and conforms to no known rules of description. But especially when considered in the light of the presumption that the testator intended to dispose of all his property by his will, and that he expressly gave to his two sons and daughter the exact quantity of land he owned in the entire two tracts, a latent ambiguity in that description clearly appears. That ambiguity can be readily removed by simply striking out the surplus, meaningless words. All that need be done to reform that clause is to erase from the description, after the word "undivided," the words *"south-west three-fourths of the south half of the,"* and we have a perfect description of what the testator intended to devise. The clause will then read: "I give and devise to my sons David J. Garrett and Douglas Garrett, their heirs and assigns, the following tracts or parcels of land: Fifteen acres to David J. Garrett; fifteen acres to Douglas Garrett and fifty acres to Martha A. Vestal, of the undivided south-west quarter and the west half of the south-east quarter of section 33, in township 13, north, range 3, west of the fourth principal meridian, together with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining; to have and to hold the premises above described to the said David J. Garrett, Douglas Garrett and Martha A. Vestal, their heirs and assigns forever." The description in the codicil should be corrected in the same way. It is further to be noted that the testator, in the codicil, expressly refers to the fact that he had given his daughter fifty acres of land, which could not be true if the description in the sixth clause and codicil is taken literally.

We are of the opinion, then, that the circuit court did not err in holding that the sixth clause of the will and the codicil were valid and not void for uncertainty.

It remains, therefore, to be determined whether the codicil revoked the devise to the daughter Martha A.

Vestal. It is not claimed that it does so in terms. The gift of a life estate in the fifty acres to the wife is not inconsistent with the gift to Martha A. Vestal, "her heirs and assigns, in fee, forever." In the American and English Encyclopedia of Law (vol. 3, p. 294,) it is said: "In interpreting a will and codicil the general rule is that the whole will takes effect, so far as is not inconsistent with the codicil, and the provisions of the latter are to be so construed, if it can fairly be done, as to make it harmonize with the body of the will. It is the established rule not to disturb the disposition of the will further than is absolutely necessary for the purpose of giving effect to the codicil." On page 296 of the same volume it is again said: "A codicil revokes so much of the will as is inconsistent with it, but as a general rule it will not be held to be inconsistent beyond the clear import of its language, and where a devise is clear, it is incumbent upon those who contend that it is not to take effect by reason of a revocation in the codicil, to show that the intention to revoke is equally clear and free from doubt as the original intention to devise. Indeed, it may be stated generally, as a canon of construction, that a clear gift cannot be cut down by any subsequent words unless they show an equally clear intention. * * * It may also be said to be an established principle that an express intention to make the alteration in a will in one particular, negatives, by implication, an intention to alter it in any other respect,"—citing Greenleaf on Evidence, sec. 682, *Quincy* v. *Rogers*, 9 Cush. 296, *Whetmore* v. *Barker*, 52 N. Y. 46, and other authorities which fully sustain the text. In Paige on Wills (sec. 462) it is said: "Where a codicil is appended to a will and does not contain any clause of revocation, the provisions of the will are to be disturbed only as far as is absolutely necessary to give effect to the provisions of the codicil, and in other respects such a will and codicil are to be construed together." This text is also well supported by the authorities cited.

We are of the opinion there is no such ambiguity in the codicil as would justify the introduction of parol testimony to explain the intention or purpose of the testátor. But even if that evidence is considered, it does not establish the fact that the codicil was intended to revoke the gift in fee clearly and distinctly made in the sixth clause. The testator may have considered the gift of $2000 to his daughter a sufficient reason for incumbering her fee simple title by the life estate of her mother but not to take away from her entirely the gift. At all events, under the well established rules of law this codicil cannot be held to work a revocation of the devise made to her. This conclusion is also fortified by the presumption that the testator did not intend to leave any part of his estate intestate. Other clauses of the will provide, in every instance where a life estate is given, for a disposition of the fee. Clause 4 gives and devises to his daughters Adeline Chapman and Alice M. Haas, and to his son William Garrett, after the death of his wife, forty acres of the land that he had devised to her for life. Clause 5 devises to his son Richard Garrett and his daughter Edna E. Garrett twenty acres of land devised to his wife for life and forty acres of other land in fee, subject to the wife's life estate in the twenty acres, and so on, clearly indicating a fixed purpose in the mind of the testator to leave no part of his estate undisposed of by his will.

We think the chancellor erred in holding that the codicil revoked the devise to Martha A. Vestal in fee, and in that particular the decree below must be reversed, otherwise it will be affirmed. The cause will be remanded to the circuit court with directions to proceed in conformity with the views herein expressed. The appellees, except the widow, Juliette Garrett, and the appellants Maude Garrett and Peyton Garrett, Jr., should each pay one-half of the costs of this appeal.

*Reversed in part and remanded, with directions.*