### Eugene J. Primm, by his next friend, v. James D. Primm, et al.

1. Wills—*how to be construed.* Courts in construing wills should consider their whole scope and plan, giving effect to all their parts, and comparing their various provisions with one another.

2. Intestacy—*presumption against.* The presumption is that a testatrix intended to dispose of her entire estate and not to die intestate as to any part thereof, unless such legal presumption is clearly rebutted by the provisions of her will, or by evidence to the contrary.

3. Equity—*rule of, where will directs the change of real to personal property.* A direction in a will to change real into personal property, has the effect, in equity, to change the legal character at once, and the will should be construed as though a bequest of personal property, only, was made.

4. Equity—*jurisdiction of, to construe will.* Equity has no jurisdiction to construe a will unless a trust is involved.

Bill to construe will. Appeal from the Circuit Court of Menard County; the Hon. Thomas N. Mehan, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed November 9, 1903.

T. W. Neely and H. W. Masters & Son, for appellant.

E. G. King and J. M. Smoot, for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is a bill in chancery to obtain the construction of the last will and testament of Elizabeth Primm, deceased.

The will contains five paragraphs, as follows:

"First. It is my will that all my just debts and funeral expenses be fully paid.

Second. I give and bequeath unto my grandson, Eugene J. Primm, one hundred dollars in cash.

Third. It is my will that after the payment of my debts and funeral expenses and the bequest above mentioned that the balance that may remain from the sale of my real and personal property, as hereinafter provided, shall be equally divided among my sons and daughters, to wit: James D. Primm, Ninion O. Primm, Dulcina Cline and Cora Kenyon, share and share alike.

Fourth. I will and direct that my executors or administrators shall, within two years after my death, convert all my real and personal estate into cash, giving him power to sell same, at his discretion, either at public or private sale, and to execute proper deed or deeds of conveyance to the purchasers thereof.

Fifth. I hereby constitute and appoint my two sons, James D. and Ninion O. Primm, to execute this my last will and testament."

This will was executed on October 18, 1898; testatrix died on or about March 4, 1900; the will was duly probated on April 13, 1900, and the executors therein named duly qualified and have since acted as such. It is admitted by appellee's answer that if Elizabeth Primm had died intestate appellant would have received a child's share of her estate, and admitted by the amended bill of appellant that the bequest of one hundred dollars to appellant had been paid, prior to the filing of the bill herein.

The testatrix left as her only heirs four children, James D. Primm, Ninion O. Primm, Dulcina Cline, Cora Kenyon, and her grandson, the appellant Eugene J. Primm, who is the infant son and only heir of a deceased son of the testatrix, all of whom are now living.

The court entered a decree finding that the will be so construed that the testatrix by said will left no intestate

property, and that after the payment of her debts and funeral expenses and one hundred dollars to Eugene J. Primm, appellant, the testatrix, by her will, gave and bequeathed all the rest, residue and remainder of her estate, both personal and real, including cash on hand and in bank and promissory notes and choses in action, to her said four children, the appellees, and that appellant is not entitled to more than one hundred dollars of said estate, and that said executors so distribute the assets of said estate, and that the bill be dismissed.

It is to reverse this decree that the complainant prosecutes this appeal. Appellant in his bill contends that the will of Elizabeth Primm disposed of her real estate and household goods, but that as to her moneys and notes, constituting the bulk of her estate, she died intestate, and asks that the will be so construed, and that the executors be ordered to distribute the moneys and notes as intestate estate. Appellees contend first, that testatrix disposed of her entire estate by her said will; and second, that no trust being involved, in so far at least as appellant is concerned, a court of chancery has no jurisdiction to determine the matter in controversy.

Courts in construing wills should consider their whole scope and plan, giving effect to all their parts, and comparing their various provisions with one another. Phayer v. Kennedy, 169 Ill. 360; Young v. Harkleroad, 166 Ill. 318; Ebey v. Adams, 135 Ill. 80. The presumption is that testatrix intended to dispose of her entire estate, and not to die intestate as to any part thereof, unless such presumption is clearly rebutted by the provisions of her will or evidence to the contrary. Page on Wills, Sec. 466; Higgins v. Dwen, 100 Ill. 554; King v. King, 168 Ill. 273; Hayward v. Loper, 147 Ill. 41; Whitcomb v. Rodman, 156 Ill. 116; Taubenhan v. Dunz, 125 Ill. 524; English v. Cooper, 183 Ill. 203 (209). Courts will adopt any reasonable construction of a will, consistent with its terms, to give it effect to dispose of the entire estate, rather than hold it was the intention of testator to die intestate as to part. King v. King, 168 Ill.

273; Scofield v. Olvott, 120 Ill. 362; 2 Redfield on Wills, 235; Missionary Society v. Mead, 131 Ill. 338–358; Higgins v. Dwen, 100 Ill. 554.

A direction in a will to change property from real to personal will have the effect, in equity, of changing the legal character at once, and the will should be construed as a device of personal property only. Page on Wills, section 699; Ebey v. Adams, 135 Ill. 80; Crear v. Williams, 145 Ill. 625; Glover v. Condell, 163 Ill. 566; English v. Cooper, 183 Ill. 203; Greenwood v. Greenwood, 178 Ill. 402.

The trial court properly construed the will, but would have been justified in dismissing the bill for the reason that there is no trust involved. Equity will not take jurisdiction to construe a will unless a trust is involved. If a will does not involve a trust, a court of equity has no jurisdiction to construe it, as the power of equity to entertain an action for the construction of a will, arises wholly out of the jurisdiction of those courts over trusts. Underhill on Wills, Vol. 1, Sec. 455; Page on Wills, Sec. 806; Taubenhan v. Dunz, 125 Ill. 503; Struber v. Belsey, 79 Ill. 308; Harrison v. Owsley, 172 Ill. 629 (632); Minkler v. Simons, 172 Ill. 325.

The decree of the Circuit Court will be affirmed.

*Decree affirmed.*