MARY PHAYER

*v.*

ROBERT KENNEDY, Admr.

*Opinion filed November 1, 1897—Rehearing denied December 14, 1897.*

1. WILLS—*rule of construction stated.* The object in construing a will is to ascertain the intention of the testator as gathered from the whole will, its scope, plan and various provisions, all of which should be given full operation unless incurable repugnancy exists or some rule of property or principle of public policy is violated.

2. SAME—*forced construction will not be adopted to vest estate.* Though the law favors the vesting of estates, courts will not declare a remainder vested if it appears from the will that the testator intended it to be contingent.

3. REMAINDERS—*terms of will construed as to remainder being contingent.* A devise to the testator's wife for life with remainder in fee to his daughter in case she survived the wife, or in case the wife survived the daughter the wife to take the absolute fee in the property, passes to the daughter a contingent remainder only.

APPEAL from the County Court of Madison county; the Hon. WILLIAM P. EARLY, Judge, presiding.

James McKenzie departed this life April 15, 1878, seized in fee of the title to a tract of land lying in the north-west quarter of section 17, township 5, north, range 9, west of the third principal meridian. He left a last will and testament, which is as follows:

"I, James McKenzie, of the county of Madison and State of Illinois, of sound and disposing mind and memory, publish and declare this my last will and testament in manner and form, to-wit:

"*First*—In the event that my wife, Mary A. McKenzie, should survive me, it is my will that said Mary A. McKenzie shall have and enjoy, during the time of her natural life, all the property and estate, real, personal and mixed, of which I may be possessed or to which I may be entitled at the time of my decease, to have and to hold the same for and during her natural life, with all rents, issues and profits thereof.

"*Second*—It is my will that after the death of my said wife all said property and estate, real, personal and mixed, shall go to, become and be the absolute property and estate forever of my daughter, Ellen McKenzie, forever, in the fullest and most perfect manner possible, to be by her held, possessed and enjoyed in the most full and complete manner, and disposed of as she may think best.

"*Third*—In the event that my said daughter, Ellen McKenzie, shall depart this life after my decease but before the death of my said wife, or in the event that my said wife should outlive or survive my said daughter, Ellen McKenzie, then it is my will that my property and estate, real, personal and mixed, shall go to, become and be the absolute property and estate of my said wife, to be her absolute property and estate forever, to do with and dispose of as she may think best. But should my said wife depart this life before my decease, then all my said property and estate shall go to, become and be the absolute property and estate of my said daughter, Ellen McKenzie, to be her absolute property and estate forever, to do with and dispose as she may think best.

"*Fourth*—It is my will that if my said wife and daughter, Ellen, or either of them, survive me, my sons, Joseph McKenzie, James McKenzie, William McKenzie, and my daughter, Sarah J. Alred, shall not, nor shall any or either of them, have or take any interest in or share of my property or estate.

"I appoint my said wife, Mary A. McKenzie, executrix, etc., without bond.

· "In witness, etc., April 1, 1878.       JAMES McKENZIE."

Ellen McKenzie intermarried with one Charles A. Phayer, and afterwards, on the 31st day of October, 1887, died intestate, leaving appellant, Mary Phayer, her sole heir. Mary McKenzie survived said Ellen, and departed this life March 13, 1896. Appellee, the administrator of the estate of Mary McKenzie, presented a petition to the probate court for an order to sell the land before men-

tioned, to pay debts of his intestate. Appellant was made defendant to the petition, and by appropriate pleading the question whether, under the will, the title to the land was in the deceased or in the appellant was presented for decision. The county court ruled that the title to the land passed under the will to Mary A. McKenzie, and granted the prayer of the petition to sell the same. This appeal questions the correctness of such ruling.

C. B. CARROLL, and ALEX. W. HOPE, for appellant:

When an estate in fee is devised by one clause of a will, any subsequent clause limiting the estate given in the preceding clause of the will is void. An estate in fee simple cannot be mounted upon an estate in fee simple. *Wolfer* v. *Hemmer*, 144 Ill. 556; *Wilson* v. *Turner*, 164 id. 398.

Where a life estate is devised by will to the testator's wife, and after his wife's death to his daughter in fee, then the will should be read at the testator's death, and not at the wife's death, and the remainder will be vested and not contingent. The law always favors vested over contingent remainders. It does not favor estates resting in abeyance. Therefore the estate in remainder vested at the earliest possible moment. *Grimmer* v. *Friederich*, 164 Ill. 245.

LEVI DAVIS, and JAMES E. DUNNEGAN, for appellee:

Although a fee cannot be limited upon a fee by deed, it can be so limited by will, by way of executory devise. *Ackless* v. *Seekright*, Breese, 76; *Siegwald* v. *Siegwald*, 37 Ill. 430; *McCampbell* v. *Mason*, 151 id. 500; *Smith* v. *Kimbell*, 153 id. 368; *Palmer* v. *Cook*, 159 id. 300; *Glover* v. *Condell*, 163 id. 566; *Strain* v. *Sweeny*, id. 603.

The devise to Ellen McKenzie conferred upon her a contingent right depending on her surviving her mother, or vested in her a fee determinable upon her dying before her mother. *Peoria* v. *Darst*, 101 Ill. 609; *Smith* v. *Kimbell*, 153 id. 368; *Friedman* v. *Steiner*, 107 id. 125.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The contention of the appellant is, the second clause of the will devised to her mother, Ellen McKenzie, a remainder in fee, and that such remainder vested in said Ellen at once upon the death of the testator, and from this premise it is argued the subsequent provisions of the will cannot avail to limit her title or vest it in another. But it is our view the devise to Ellen was a contingent, not a vested, remainder. The fundamental rule in construing a will is to ascertain the intention of the testator. This is to be gathered from full consideration of the whole will,—its scope and plan and its various provisions,— all of which are to be given full and just operation, unless incurable repugnancy is found or some principles of public policy or legal rule of property contravened. (*Taubenhan* v. *Dunz,* 125 Ill. 524; *Dickison* v. *Dickison,* 138 id. 541; *Young* v. *Harkleroad,* 166 id. 318.) The intention of the testator in the case at bar is unmistakable. The general scope and plan of his will cannot be deemed at all in doubt. It was, that his other legal heirs should be excluded from sharing in his estate if his wife, Mary A., or his daughter, Ellen, survived him to enjoy it. If they both survived him, he intended his wife, Mary A., should enjoy the income of his estate for and during her natural life, and that if Ellen should survive his widow, he intended Ellen should succeed to the full and complete ownership of the property upon the death of his wife; if, however, Ellen did not survive him or did not survive Mary A., he desired to invest Mary A. with full title and ownership to the property. That such was his intention is beyond contention, when the whole will is consulted.

But it is urged the second clause of the will vested a remainder in fee in Ellen, and it is argued the operation of well-settled legal rules forbids that effect should be given to subsequent repugnant provisions of the will. The supposed repugnancy arises from a forced and strained construction of the second clause, and entirely

disappears when the will, in all its parts,—its whole scope and plan,— is considered. The second clause only purports to invest Ellen with right or title "after the death of Mary A."

It is, however, urged, a proper construction in this respect only postpones the vesting of the right of possession until the death of the first taker, and that the title vested upon the death of the testator. The law favors the vesting of estates, and in view of such declared policy of the law rules of interpretation to advance it have been adopted; but courts have no artificial rule of construction, which will avail to declare a remainder absolute and vested, if it clearly appeared, from the language of the will, the testator intended it to be contingent. It is unmistakable from the third clause of the will the testator did not intend title to the remainder should vest absolutely in Ellen at his death, but that it should be contingent upon the event said Ellen should survive his wife, Mary A.

The different provisions of the will are entirely consistent if the words "after the death of my said wife," in the second clause, are construed as we have indicated, and such construction gives full operation to the will in all of its parts. "The intention of the maker, clearly and unmistakably manifested in one portion of a will, is not to be overcome or thwarted by doubtful and forced construction of another portion of the instrument." (Schouler on Wills, sec. 208.) Ellen died before the wife. The contingency upon which the investiture of title in Ellen depended did not occur, hence it did not vest. Upon the death of Ellen the title to the remainder vested in Mary A., according to the provisions of the third clause of the will. The order of the county court empowering her administrator to sell the property to create a fund wherewith to pay her debts was correct, and is affirmed.

*Order affirmed.*