WILLIAM GAFFIELD *et al.*

*v.*

ELIZABETH PLUMBER.

*Opinion filed October 24, 1898.*

1. WILLS—*clause of will construed.* A bequest of a certain sum of money in trust, a specified portion "to be invested in a home" for the beneficiary, the "balance" of the bequest "to be kept on interest and the interest to be paid annually to her, * * * and at her death to revert to" other parties "if any funds unused at her death remain," passes to the beneficiary the absolute ownership of the portion invested in the home, with the use of the interest for life, and the right to use the principal for her support, if necessary.

2. RES JUDICATA—*what not a former adjudication of rights under will.* Statements appearing by way of narration in a petition and decree in a proceeding to procure the appointment of trustees to carry out the provisions of a will, and which are beyond the scope of such petition and decree, do not amount to an adjudication of the rights of the parties to take under the will.

APPEAL from the Circuit Court of Iroquois county; the Hon. DORRANCE DIBELL, Judge, presiding.

This is an appeal from a decree of the Iroquois circuit court declaring the true construction of the second clause of the will of George W. Gaffield, deceased. The clause is as follows:

"*Second*—I give and bequeath to my cousin and friend, Elizabeth Plumber, $2700, $800 to be invested in a home, and the balance of the $2700 to be kept on interest and the interest to be paid annually to her, and I appoint my friends Asbury Clark and Frank Coughenour trustees to carry out this part of my will, and at her death to revert to John Gaffield's heirs, if any funds unused at her death remain."

Clause 18 of the will, which it is insisted is to be considered in connection with clause 2, is as follows:

"*Eighteenth*—I give and devise all my household goods to Elizabeth Plumber."

The said second clause of the will was construed by the chancellor in the court below to mean that $800 of the said sum of $2700 in the said second clause mentioned should be devoted to the purpose of purchasing a home for said Elizabeth Plumber, and that when purchased said home should be her absolute property; that the remainder of said sum of $2700, to-wit, the sum of $1900, should be kept at interest and the annual interest income thereof should be paid to the said Elizabeth Plumber, but that it was the intention of the testator that if the necessities of the said Elizabeth so, demanded, the necessary portion of the principal sum should be applied to her relief. In accordance with this construction the court decreed that a lot which William Brown and John H. Karr, the then acting trustees under the second clause of the will, had previously purchased out of the said fund, and on which lot said trustees had, also out of the same fund, erected a dwelling house, at a total cost of $800 for said lot and said dwelling, the title to which said trustees had caused to be conveyed to themselves, as trustees for the said Elizabeth Plumber, was the sole and absolute property of the said Elizabeth and should be conveyed to her by the master in chancery. The court further decreed that should said Elizabeth deem it necessary to expend all or any portion of the said sum of $1900 she should apply to a court in chancery by petition, setting forth the reasons for breaking in upon the principal sum of the said fund. It was, further decreed that certain defendants to the proceeding, being the heirs of the said John Gaffield, deceased, were entitled to the said principal sum of $1900, or such part thereof as remained unexpended at the time of the death of said Elizabeth Plumber. The other defendants to the proceeding were the trustees, the administrator *de bonis non* with the will annexed of the said deceased, and John Gaffield. This is an appeal perfected by the heirs of the said John Gaffield.

C. W. RAYMOND, for appellants.

KAY & KAY, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The true purpose to be attained by the construction of a will is to ascertain the intention of the testator. Unless some principle of public policy or unyielding legal rule intervenes, the intention of a testator is to be observed and enforced by the courts. (*Phayer* v. *Kennedy*, 169 Ill. 360; *Taubenhan* v. *Dunz*, 125 id. 524; *Dickison* v. *Dickison*, 138 id. 541.) The said second clause opens with a clear and unequivocal bequest of $2700 to Elizabeth Plumber. The remainder of the clause was not, in our opinion, added to this bequest for the purpose of depriving the said Elizabeth Plumber of the benefit of the bequest, but rather for the purpose of securing to her every possible advantage therefrom. Therefore it was the testator directed that $800 of the money he had given her should be devoted to the purpose of buying a home. The direction then is, that the "balance" of the bequest to her should be devoted to the purpose of producing an annual income for her. That it was not the intention of the testator that said "balance" of the bequest could never be availed of by her, and that she could not, in any possible event, use the same otherwise than as a principal sum to produce interest, is clearly manifested by the directions given to the trustees in whose custody said principal balance was committed, as to their duties in connection with said balance in case of her death. These directions are, that if said Elizabeth should die leaving in their hands any unused part of said balance the same should be paid to the heirs of John Gaffield.

A careful reading and consideration of the entire clause has convinced us the testator intended that Mrs. Plumber should have the full benefit of the said $2700;

that he desired a designated portion of it to be expended in securing her a home; that he wanted the balance put at interest for her benefit, but did not desire to restrict her to the use of the income alone. The gift to the heirs of John Gaffield of any part of said balance of said fund which might remain unused necessarily implies the testator understood the clause permitted the use of the principal of the fund. It would follow as a further necessary implication, that any depletion of the principal sum should be for the benefit of the party to whom he had bequeathed the entire sum. The reasonable construction of the clause therefore is, that the testator intended the beneficiary, Mrs. Plumber, should be allowed to draw from the principal in case the annual income arising from the interest should prove insufficient to supply her with the reasonable comforts of life. Such was the view entertained by the trial court, and we think it the correct one.

The directions of the trial court that before the principal sum should be broken in upon, the legatee or beneficiary should make it appear to the court that such a course was justifiable and proper, also meets our approbation. Such a course will secure to Mrs. Plumber every just demand upon her part, and will protect every possible interest of the heirs of John Gaffield.

The directions of the testator that $800 of the bequest to Mrs. Plumber should be invested in a home for her cannot but be regarded as an absolute gift of the home so purchased out of the money bequeathed to her.

We are unable to see that the provisions of clause 18 of the will serve to throw any light upon the proper construction of clause 2. The gift in the eighteenth clause is of articles of personal property and that of the second clause is of money. The use to be made of the articles of personal property was determined by the nature and character of the different articles embraced within the gift of the clause. The testator was, for that reason,

content to throw no safeguard around this property. Money, however, which is the subject matter of the second clause, may be devoted to many different wants, real or imaginary; made productive of income, or wasted by extravagance, lack of forethought or judgment; and for these reasons the testator chose to direct the manner of investment and use of the money bequeathed to Mrs. Plumber.

The trustees named in the second clause declined to accept the trust, and the appellee, Mrs. Plumber, prior to the date of the filing of the bill in this case, exhibited a petition in chancery wherein she asked the appointment of other persons as trustees. The phraseology of portions of this petition, and some of the language employed by the court in the decree rendered upon it, are made the basis of a contention by the appellants that the rights and interests of the appellee, Mrs. Plumber, in the said homestead property and in the said balance of the said bequest of the said $2700, were involved in the proceeding and were adjudicated by the court adversely to the right of Mrs. Plumber, as declared by the decree brought before us by this record. This is a misapprehension. The sole purpose of the petition and of the decree entered upon it, which are interposed here as an adjudication, was to procure the appointment of trustees to execute the trust. No construction of the will was sought and no directions to the trustees asked or attempted to be given by the court. That which appears in either the petition or decree, and which is relied upon as an estoppel or adjudication, is beyond the scope and purpose of the petition and decree, and appears only by way of narration.

The decree appealed from is correct and is affirmed.

*Decree affirmed.*