## Mary Frances Lyons, Plaintiff in Error, v. Joseph P. Lyons, Defendant in Error.

### Gen. No. 5,991. (Not to be reported in full.)

Error to the Circuit Court of Livingston county; the Hon. THOMAS
M. HARRIS, Judge, presiding. Heard in this court at the October
term, 1914. Affirmed. Opinion filed June 22, 1915.

### Statement of the Case.

Bill for divorce by Mary Frances Lyons, com-
plainant, against Joseph P. Lyons, defendant, in the
Circuit Court of Livingston county. To reverse a
decree dismissing the bill and ordering costs to be paid
by both parties, defendant prosecutes this writ of
error.

It appears that the plaintiff in error filed a bill for
separate maintenance November 19, 1912, in which she
alleged among other things:

That she is and has been for many years last past
been a resident of the said County of Livingston, State
of Illinois; and charged as grounds for relief extreme
and repeated cruelty, setting out in detail in support
of the charge acts of the husband which if proven would
entitle her to a decree of divorce if the prayer of the
bill asked that relief. Defendant in error filed an
answer January 16, 1913, in which he "admits that the
said complainant, Mary Frances Lyons, has been a
resident of the said County of Livingston, in the State
of Illinois for many years last past," and denies all
charges of cruelty.

Afterwards, January 21, 1914, plaintiff in error filed
an amended bill praying for a divorce instead of
separate maintenance, otherwise not differing mate-
rially from her former bill. Defendant in error
answered, February 29, 1914, with the same admissions
and denials as in his former answer.

The record showed no trial except as contained in the
decree, which, after reciting the appearance of parties

and a hearing on the pleadings and evidence, finds that the court had jurisdiction, that the equities are with defendant, and further finds affirmatively that defendant was not guilty of cruelty as alleged.

MICHAEL F. RYAN and W. J. LEWIS, for plaintiff in error.

E. A. SIMMONS, for defendant in error.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. DIVORCE, § 33*—*when answer construed as admitting residence of complainant in county for statutory period.* In a bill for divorce an answer which admits that complainant "has been a resident" of the county wherein the bill was filed "for many years last past" is not open to the objection that it does not exclude the possibility that complainant might not have been a resident of this State for more than one year prior to the filing of the bill as required by the statute in order to give jurisdiction of the action.

2. DIVORCE, § 77*—*when general finding of trial court as to jurisdiction not conclusive on appeal.* In a bill for divorce, where the objection of want of jurisdiction is made on the ground of want of residence as required by the statute, it is not a sufficient answer to the objection that the trial court made a general finding that it had jurisdiction of the parties and subject-matter of the action.

3. DIVORCE, § 70*—*when defendant estopped to object to want of jurisdiction on appeal.* In a bill for divorce, a proper allegation of residence in the bill, if admitted by the answer, will be sufficient on review to estop either party from making the objection of want of jurisdiction.

4. DIVORCE, § 77*—*when decree reversed on appeal for lack of jurisdiction.* A decree in a bill for divorce, which on review is not supported by a certificate of evidence or finding of facts showing the residence of complainant to have been as required by the statute in order to give jurisdiction of the action, will be reversed on writ of error or appeal, although such a decree would be good as against a collateral attack, for the reason that in such case the question of residence goes to the jurisdiction and may be raised for the first time on review.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. APPEAL AND ERROR, § 725*—*when not necessary on review that decree be supported by findings of fact or certificate of evidence.* The rule that a decree granting relief must be supported on review by findings of fact or a certificate of the evidence in so far as the allegations of the bill are not admitted by the answer applies only to decrees granting affirmative relief which is sought in the bill.

6. APPEAL AND ERROR, § 725*—*when evidence not necessary to support decree.* A decree dismissing a bill needs no supporting evidence, since such a decree may be rendered for want of evidence.

7. DIVORCE, § 53*—*what constitutes dismissal of bill for want of equity.* A decree in a bill for divorce which denies complainant's prayer is equivalent to a decree dismissing a bill for want of equity.

8. EQUITY, § 345*—*when decree not initiated by mere informality.* A decree dismissing a bill for want of equity is not vitiated by mere informality.

9. DIVORCE, § 58*—*when decree dismissing bill not rendered insufficient by incorporation of unnecessary finding of facts.* Where a decree dismisses a bill for divorce, the fact that an unnecessary finding of facts is incorporated in the decree as a reason therefor does not make it necessary that the decree should find other facts or give other reasons.

10. DIVORCE, § 53*—*when duty of court to dismiss bill for lack of jurisdiction.* In a bill for divorce, where the court finds that it has not jurisdiction owing to want of residence as required by the statute, it is the duty of the court to dismiss the bill and to provide in some way for payment of costs to be charged against the parties in the proceeding.

11. DIVORCE, § 80*—*when court has discretion to apportion costs between parties.* In chancery, and especially in divorce cases, the court has a large discretion in apportioning costs between the parties.

12. DIVORCE, § 77*—*when finding as to residence of complainant not necessary to enable court to enter decree.* In a bill for divorce, a finding of the residence of complainant for such time as required by the statute to give jurisdiction, *held* not necessary in order to enable the court to enter a decree, where the record showed a sufficient averment of such residence in the bill, complainant being estopped by such averment from assigning as prejudicial error the failure of the trial court to include such a finding in its decree.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.