MARY FRANCES LYONS, Appellant, *vs.* JOSEPH P. LYONS, Appellee.

*Opinion filed February 16, 1916—Rehearing denied April 7, 1916.*

1. PRACTICE—*evidence need not be preserved to sustain decree dismissing bill.* The rule requiring the evidence to be preserved by a certificate of the evidence or recitals in the decree in order that a decree granting affirmative relief may be sustained, does not apply to a decree which grants no affirmative relief but merely, in effect, dismisses the bill for want of equity.

2. SAME—*what, in effect, is a dismissal of a bill for want of equity.* A decree in a divorce proceeding which finds that the defendant has not been guilty of the acts and conduct charged in the bill, denies the relief prayed and adjudges the costs to both parties, is, in effect, a dismissal of the bill for want of equity.

3. DIVORCE—*what does not overcome finding as to jurisdiction.* A finding in a decree denying a divorce that the court has jurisdiction is not overcome by the fact that the decree contains no finding that the complainant has resided in the State for more than one year before filing the bill, where the bill alleges that the complainant was at the time of filing the bill, and had been "for many years last past," a resident of the State and the answer expressly admits such allegation. (*Becklenberg* v. *Becklenberg*, 232 Ill. 120, distinguished.)

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Livingston county; the Hon. T. M. HARRIS, Judge, presiding.

MICHAEL F. RYAN, and W. J. LEWIS, for appellant.

E. A. SIMMONS, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Second District, upon a certificate of importance granted, affirming a decree of the circuit court of Livingston county.

Appellant, Mary Frances Lyons, filed her bill in the circuit court of Livingston county November 19, 1912, against the appellee, her husband, for separate maintenance. The bill charged appellee with extreme and repeated cruelty, on account of which appellant was living separate and apart from him without her fault. The bill alleged appellant was at the time of filing the bill, and had been for many years last past, a resident of Livingston county, Illinois. Appellee filed his answer to the bill January 16, 1913. He admitted appellant "has been a resident of said county of Livingston, in the State of Illinois, for many years last past;" that they were married in October, 1903, and lived together as husband and wife until September 23, 1912. All the allegations of the bill as to appellee's cruel treatment of his wife and neglect of her, and that she was living separate and apart from him without her fault, were denied. On January 21, 1914, appellant filed an amended bill praying for divorce. The amended bill alleged that she was, and had been "for many years last past," a resident of Livingston county, Illinois. On February 25, 1914, appellee answered the amended bill, admitting appellant had been a resident of Livingston county, Illinois, "for many years last past." He denied the allegations of misconduct upon which appellant based her claim for the right to a divorce. A hearing was had on the bill, answer and replication, and a decree was entered finding the court had jurisdiction of the subject matter and of the parties by process duly served ten days before the first day of the term of court. The decree recites the court heard all the evidence adduced by the respective parties and the arguments of counsel, and be-

ing fully advised in the premises finds that the equities of the case are with the defendant; that the parties were lawfully married in Pontiac, Livingston county, Illinois, October 12, 1903, and lived together as husband and wife until September 23, 1912, when complainant left the home of defendant and has since lived separate and apart from him. The decree finds the appellee had not, during the time the parties lived together, been guilty of extreme and repeated cruelty toward appellant, and that she was not living separate and apart from her husband through his fault. It was ordered, adjudged and decreed that appellant's prayer for divorce be and it was denied, and further ordered that the complainant and defendant pay the costs of the proceeding.

No certificate of evidence is included in the record, and appellant contends the decree of the circuit court and the judgment of the Appellate Court should be reversed (1) because no finding of facts is preserved in the decree sufficient to justify it; and (2) because it does not affirmatively appear from the decree that the court had jurisdiction of the parties.

The first contention is based upon a misapprehension. There is no dispute about the rule that to sustain a decree granting relief the party in whose favor the decree is rendered must, when the facts are not found and recited in the decree, preserve the evidence by a certificate of evidence. (*Village of Harlem* v. *Suburban Railroad Co.* 202 Ill. 301.) The decree here, however, is not one granting any relief prayed. It finds appellant is not entitled to the relief she asks and her prayer for relief is denied. The finding that appellee had not been guilty of the acts and conduct charged in the bill and upon which appellant predicated her right to relief, the order denying the same and adjudging the costs against both parties, are, in effect, a dismissal of the bill for want of equity and an apportionment of the costs between the parties. No relief was granted appellant. A decree dismissing a bill needs no evidence to support it. *Ryan* v. *San-*

*ford,* 133 Ill. 291; *First Nat. Bank* v. *Baker,* 161 id. 281; *Kelly* v. *Funkhouser,* 171 id. 205; *Thorne* v. *Jung,* 253 id. 584.

Upon the other question, it is insisted that it does not appear from any recital in the decree that appellant had resided in the State of Illinois more than one year before filing her bill; that this was necessary to give the court jurisdiction, and that the recital in the decree that the court had jurisdiction of the subject matter and of the parties is wholly insufficient. Upon that question reliance is principally placed upon *Becklenberg* v. *Becklenberg,* 232 Ill. 120. That case held that such recitals of jurisdiction were not sufficient to sustain a decree where the evidence is not preserved in the record. In that case, however, there was no admission in the answer that complainant had been a resident of Illinois more than a year continuously before filing the bill. The bill alleged complainant was a resident of Cook county and had been an actual resident of the State of Illinois continuously more than one year preceding the filing of the bill. The answer admitted complainant had been a resident of the State of Illinois "for more than one year last past." The court said the answer was not an admission that complainant had been a resident of Illinois one whole year next before filing the bill. In the case under consideration the answers to the original and amended bills admit appellant had been a resident of Illinois "for many years last past." This is to all intents and purposes as effective as would have been an admission that she had been a resident of Illinois more than one year continuously just before filing her bill. We are of opinion this supports the decree, and that after she has alleged in her bill that she had resided in the State many years before filing it, and appellee had admitted it in his answer, she cannot now be heard to object to the decree on that ground.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*