(No. 13060.—Reversed and remanded.)
ALEXANDER HILENSKI, Appellee, vs. FABIAN BEMAN et al.
Appellants.

*Opinion filed February 18, 1920.*

APPEALS AND ERRORS—*party obtaining affirmative relief in equity must preserve the evidence.* In order to maintain a decree granting affirmative relief in equity the party in whose favor the decree is entered must preserve the evidence by a certificate of evidence or the decree must find specific facts that were proved on the hearing.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

WILLIAM J. KING, for appellants.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county ordering that appellants specifically perform a contract entered into between them and appellee for the conveyance of a certain piece of real estate situated in the city of Chicago. Appellants answered the bill praying specific performance, and admitted ownership of the property and signing the contract but denied all other allegations of the bill, and alleged facts which, if sustained, would be a complete defense to the suit. The cause was heard on the bill, answer and replication thereto and evidence taken in open court.

Appellee has filed no brief and makes no effort here to sustain the decree of the court below.

The testimony heard in the court below is not preserved in the record by certificate of evidence or otherwise. The decree as entered does not set out the specific facts upon which it is based, but merely recites that "the complainant

has proven and sustained the charges and allegations contained in the amended bill of complaint," and that "the defendants herein * * * are husband and wife, and that they have and can give a good title to the real estate described in the bill of complaint." It has long been the settled rule in this State that in chancery cases a party in whose favor a decree granting affirmative relief is entered, in order to maintain it must preserve the evidence by a certificate of evidence or the decree must find specific facts that were proved on the hearing. *Grays Lake and Warren M. E. Church* v. *Metcalf,* 245 Ill. 54; *Leuer* v. *Kunz,* 260 id. 584; *VanMeter* v. *Malchef,* 276 id. 451.

On this state of the record the decree of the circuit court must be reversed and the cause remanded to that court.

*Reversed and remanded.*