## Joseph P. Lyons, Appellee, v. Mary Frances Lyons, Appellant.

1. APPEAL AND ERROR, § 855*—*when certificate of evidence is necessary.* Although in chancery cases motions made are considered a part of the record, yet, when such motions require evidence to sustain them, such evidence must be preserved by certificates of evidence and filed in the case, for in no other way can it become part of the record.

2. APPEAL AND ERROR, § 760*—*when affidavit is not part of record.* The writing into the record by the clerk of an affidavit filed in support of a motion for a change of venue and attached to the written motion did not make the affidavit part of the record in a chancery case.

3. APPEAL AND ERROR, § 981*—*what error will not be considered.* An alleged error in the refusal of motions in a chancery case to remand a cause to the county from which it had been removed, because of the failure to pay the costs of such change within the time fixed by the court, was not considered where the transcript of the record did not show what evidence was heard or whether any was heard by the court upon the determination of the motion to remand.

4. APPEAL AND ERROR, § 855*—*when record warrants reversal of decree.* A decree for divorce was reversed because there was no certificate of evidence and the decree itself made no findings of fact, and not even of the fact that appellant was guilty of desertion, nor the residence of the parties, whether they were ever married, what children, if any, were born, nor of any jurisdictional fact.

5. APPEAL AND ERROR, § 725*—*what must be shown in chancery cases.* In chancery cases it must be shown that the decree is sustained by the evidence and this may be done either by having the decree set out facts found from the evidence sufficient to authorize the relief granted, or by preserving the evidence by a certificate of evidence.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the April term, 1920. Reversed and remanded. Opinion filed October 27, 1920.

W. J. LEWIS, for appellant; JOHN M. DUFFY, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

E. A. Simmons, for appellee.

Mr. Justice Eldredge delivered the opinion of the court.

Appellee filed his bill for divorce in Livingston county April 3, 1918. On motion of appellee for change of venue the cause was sent to the circuit court of McLean county from which, on motion of appellant for a change of venue, it was sent to Will county from which, on motion of appellee, it was remanded to McLean county because the costs of the change of venue had not been paid within 15 days, the time limited by the court. When the record got back to McLean county appellant made a motion to remand the cause back to Livingston county for the reason that the costs had not been paid by appellee within the time prescribed by the court, when the first change of venue was obtained. This last motion was denied. Appellant filed a cross-bill and a trial was had before a jury. At the conclusion of the evidence the court directed the jury to find a verdict for appellee on the original bill finding appellant guilty of desertion. The cross-bill charged that appellee had been guilty of cruelty and adultery. No verdict was returned upon the issues made by the cross-bill. A motion for a new trial was made by appellant and overruled and a decree was entered granting a divorce, giving the custody of the children to appellee and dismissing the cross-bill for want of equity.

Appellee has made a motion in this court to strike the brief and argument filed on behalf of appellant from the files on the ground that it violates the rules of professional propriety in its criticisms of the trial court. This motion is denied.

Appellant in the court below made numerous motions for rules on appellee to pay alimony and suit money, all of which were denied. She also made a

motion for a continuance when the cause was finally called for trial, which was also denied.

Appellant seeks a reversal of the decree for the following reasons: (1) The court erred in refusing to remand the cause to Livingston county for the reason that the original cost of the change of venue from Livingston county to McLean county had not been paid and the order changing the venue became void; (2) in refusing to enter an order compelling appellee to pay alimony and suit money pending the litigation; (3) in refusing to grant a continuance; (4) there is no evidence to support the decree.

As to the first three alleged errors, they cannot be considered in this court for the reason that the evidence offered in support of the respective motions has not been preserved by certificates of evidence. While it is true that in chancery cases motions made are considered a part of the record, yet, when such motions require evidence to sustain them, such evidence must be preserved by certificates of evidence and filed in the case, for in no other way can it become a part of the record. When an affidavit filed in support of a motion for a change of venue and attached to the written motion is written into the record by the clerk, such act does not make the affidavit a part of the record. *Heacock v. Hosmer,* 109 Ill. 245; *Lange v. Heyer,* 195 Ill. 420. In regard to the motion to remand the cause to Livingston county because appellee had not paid the costs of the change of venue within the time limited by the court, oral testimony might have been introduced in support of the motion or against it. The transcript of the record does not show what evidence was heard or whether any evidence was heard by the court upon the determination of that motion. So also on the motion for a continuance, there is no certificate of evidence preserving the affidavit or other evidence heard upon that motion, and the action of the court thereon cannot be here considered. *DuQuoin Water-*

*Works Co. v. Parks,* 207 Ill. 46. Likewise, we cannot consider the action of the court upon its refusal to grant the motion of appellant for rules upon appellee to pay alimony and suit money because the evidence in support of these motions has not been preserved by certificates of evidence.

The final decree, however, must be reversed, because there is no certificate of evidence, and the decree itself makes no findings of fact, not even of the fact that appellant was guilty of desertion. It simply sets out the verdict of the jury and that a motion for a new trial was overruled and then proceeds to dispose of the custody of the children. In chancery suits it must be shown that the decree is sustained by the evidence and this may be done in either one of two ways. The decree must set out the facts found from the evidence and these facts must be sufficient to authorize the relief granted, or the evidence to sustain the decree must be preserved by a certificate of evidence filed in the cause and made a part of the record. *Moss v. McCall,* 75 Ill. 190; *Ryan v. Sanford,* 133 Ill. 291; *Hilenski v. Beman,* 291 Ill. 543. The decree does not find any jurisdictional facts, nor the residence of the parties, whether the parties were ever married, what children, if any, were born of said marriage, what issues of fact were submitted to the jury, what the verdict of the jury was in regard to the issues of cruelty and adultery charged to appellee in the cross-bill, and does not adjudge that appellant was guilty of desertion. There is no certificate of evidence showing what evidence was introduced on the hearing and the decree makes no finding of the facts proven by the evidence, and, consequently, there is no evidence tending to sustain the decree.

The decree is reversed and the cause remanded.

*Reversed and remanded.*