Joseph P. Lyons, Complainant and Defendant in Error, v. Mary Frances Lyons, Defendant and Plaintiff in Error.
Mary Frances Lyons, Cross Complainant and Plaintiff in Error, v. Joseph P. Lyons, Cross Defendant and Defendant in Error.

## Gen. No. 7,496.

1. APPEAL AND ERROR—*certificate of evidence requisite to review of rulings on motions in divorce suit.* Assignments of error in refusing to allow a defendant in divorce defense money, alimony and solicitors' fees, notwithstanding a showing by affidavit in support of the motions therefor, cannot be reviewed on error from a decree in favor of complainant, where the evidence heard on the motions and the orders of the court thereon are not preserved in the certificate of evidence.

2. FORMER ADJUDICATION—*decree of divorce not conclusive of*

*issues raised by bill for separate maintenance.* A decree of divorce in favor of the husband on the ground of desertion by the wife, predicated on a previous decree adverse to the wife on her suit, commenced originally by a bill for separate maintenance, based upon allegations that by reason of improper conduct of the husband with other women and other acts of extreme and repeated cruelty by him, the wife was compelled to withdraw from the husband and live apart from him, cannot be supported under the rule of *res adjudicata,* where the decree was rendered on an amended bill for divorce filed by the wife on the sole ground of cruelty and the suit was treated, both on trial and on appeal, solely as one for divorce, and the record shows that therein the issue whether the wife was living separate and apart from the husband without her fault was not necessarily involved or adjudicated, the sole issue being that of extreme and repeated cruelty, and not of any single specific act of cruelty.

3. FORMER ADJUDICATION—*dismissal of cross-bill for divorce without hearing on merits not res judicata.* A decree in a divorce suit commenced by the husband on the ground of desertion, dismissing the wife's cross-bill alleging extreme and repeated cruelty and also adultery, without hearing any evidence on the issues raised by such cross-bill as provided by Cahill's Ill. St. ch. 40, ¶ 9, is not *res adjudicata* of the wife's desertion in a subsequent suit by the husband on that ground, his bill in the previous suit on that ground having been dismissed without prejudice.

4. FORMER ADJUDICATION—*when dismissal of wife's bill for divorce for cruelty and adultery not res adjudicata in subsequent suit.* The dismissal of a wife's cross-bill for divorce on the grounds of cruelty and adultery is not *res adjudicata* on the issue of adultery where raised in a subsequent suit for divorce by the husband on the ground of desertion, a cross-bill of the wife alleging an after-discovered act of adultery between the husband and a woman named therein.

5. DIVORCE—*burden of proof of desertion.* It was error to require the wife, on the husband's bill for divorce on the ground of desertion, to assume the burden of proving that she had reasonable cause for absenting herself from the family domicile and to refuse to allow her to show the circumstances under which she left the home or to show that the parties were living separate and apart pursuant to an agreement between them.

6. APPEAL AND ERROR—*when rulings on evidence reviewable on error without showing as to motion for new trial.* Errors of the trial court in rulings on evidence in a suit for divorce are reviewable on error, even though the abstract does not show a motion for new trial was made, where the pleadings and decree on their face show that the decree was not in accordance with the law of the case.

·7. APPEAL AND ERROR—*when technicalities disregarded on review.*
On error from a decree of divorce, technical objections raised in
support of the decree will be disregarded, in view of the interest
of the State in the matter of divorce, where the reviewing court
can say from an inspection of the entire record that substantial
justice has not been done and that due regard has not been shown
to the State's interest.

Error by defendant to the Circuit Court of McLean county; the
Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the
October term, 1923. Reversed and remanded. Opinion filed January
10, 1924.

W. J. LEWIS and JOHN M. DUFFY, for plaintiff in
error.

E. A. SIMMONS, for defendant in error.

MR. PRESIDING JUSTICE HEARD delivered the opinion
of the court.

Plaintiff in error, hereinafter called defendant, and
defendant in error, hereinafter called complainant,
were married at Pontiac, Illinois, on October 12, 1903,
and continued to live together there until September
23, 1912, when defendant left her husband's home and
has never returned thereto. On November 19, 1912,
she filed a bill for separate maintenance in the circuit
court of Livingston county, Illinois, alleging extreme
and repeated cruelty and other acts of annoyance by
her husband, including alleged attempts on his part
to take improper liberties with Jessie Piper, Ida Zier-
barth, Tillie Sulsdorf and others and "that for these
and other reasons herein set forth, she was obliged
to withdraw from him with her children, and live
separate and apart from him."

On January 21, 1914, defendant filed an amended
bill praying for divorce.

On February 25, 1914, complainant answered the
amended bill denying each act of cruelty and miscon-
duct charged to him, and specifically denying that in
consequence of any cruel or unkind treatment and

threats, or conduct upon his part, defendant was obliged to leave his home. Trial was had on the issues thus joined, without a jury, before the Hon. T. M. Harris, who on March 14, 1914, rendered a decree for defendant, specifically finding that "the leaving of said home by the complainant, Mary Frances Lyons, and living separate and apart therefrom, was not through the fault of said defendant."

This decree was on appeal affirmed by the Appellate Court of the Second District (196 Ill. App. 73) and by the Supreme Court (272 Ill. 329).

On October 1, 1914, complainant filed a bill for divorce for desertion, in the circuit court of Livingston county, to which defendant filed an answer and a cross-bill, alleging the same accusations against her husband as in the former bill above mentioned, with the addition of charges of adultery by the husband with certain unknown women. Trial on the original bill was begun, the issues on cross-bill not being joined (defendant having pleaded former adjudication). On motion to exclude the evidence of complainant, Joseph P. Lyons, being made, he thereupon by leave of court dismissed the bill without prejudice. Complainant had served notice on solicitors for Mrs. Lyons that he had pleaded to a part and answered a part of her cross-bill and, upon her failure to file replication, hearing was had on the pleadings, without hearing evidence, and a decree entered on November 1, 1915, by Hon. G. W. Patton, judge, dismissing the cross-bill for want of equity.

At the May term, 1918, of the Livingston county circuit court, complainant filed the original bill of the suit at bar, and the cause was removed on change of venue to McLean county. The original bill was amended so as to plead the former adjudications against defenses identical with the allegations in the former amended bill and cross-bill referred to above. Defendant answered and filed a cross-bill, both charging extreme and repeated cruelty, improper conduct

and adultery on the part of the husband and alleging certain separation agreements, all occurring previous to November 1, 1915. The cross-bill also charged him with adultery with Jessie Wesley Piper and that such adultery had never been pleaded in any former suit and did not come to her knowledge until after the decree of October 5, 1915. Trial by jury was had before the Hon. Sain Welty and a verdict found for complainant and against defendant. On appeal to this court that decree was reversed October 27, 1920, on the ground that evidentiary facts were not preserved in the decree or by certificate of evidence (219 Ill. App. 620). The case was redocketed in the McLean circuit court February 7, 1921.

Complainant's amended bill of complaint pleaded the former decrees of March 14, 1914, and November 1, 1915, as *res adjudicata* of all charges against him of cruelty, misconduct or adultery, prior to the last of said decrees, and there were no charges of misconduct occurring after September 23, 1912. Defendant amended her cross-bill to which plea to part and answer to the remainder was filed. Trial by jury was had on June 11, 1921, before Hon. Edward Barry, and by instruction of the court a verdict rendered finding defendant guilty of desertion under the statute, upon which decree was entered, which also dismissed the cross-bill for want of equity, the court finding there was in fact no issue on the cross-bill to be submitted to the jury after plea was sustained. Defendant's appeal from that decree was dismissed by this court for want of sufficient abstract (226 Ill. App. 627), and it is now before us upon writ of error.

It is assigned for error that the court refused to provide defense money, alimony and solicitors' fees for the defendant and defendant in her brief says: "Five different motions (each supported by affidavit) show the wife's inability to fight her case for lack of money, ill-health, worry, no support either for herself

or her children and without solicitors' fees, leaving her to her own resources upon the charity of her friends, while the husband, wealthy to the extent of about $75,000, in about five years contributed only $200 and that on order of court and for solicitors' fees in all the cases. The only alimony contributed was in the second case which he claims was about $800 in total. Her right to this help from the court was presented to the court and the fact of its denial without reasons in the record shows abuse of discretion which is certainly subject to review and reversal on appeal.''

If the facts above stated are true, we cannot conceive upon what theory, in a case involving the many intricate legal questions which this case does, liberal solicitors' fees should not be allowed. We have no means, however, of verifying the statements, as the evidence heard on these motions and the orders of the court thereon are not properly preserved in the certificate of evidence and we cannot therefore consider this question.

The decree in this case shows it is based not upon evidence heard in open court proving that defendant ''wilfully deserted or absented herself from the husband without any reasonable cause for the space of two years,'' but is based upon proof that defendant left complainant September 23, 1912, without any evidence as to the circumstances of her leaving or the reason for such leaving and a finding that ''it was determined in the former suit between the parties hereto that the leaving of the home of her husband September 23, 1912, was not because of any fault or misconduct of her husband, and that she did not by her answer and cross-bill prove any fault, misconduct or dereliction on his part occurring since said decree of November 1, 1915, nor since said decree of March 14, 1914, nor had she alleged or proven any other reasonable cause for absenting herself from said home, which she continued to do from September 23,

1912, until the present time, to which finding solicitors for defendant excepted on the ground it is not sustained by the law and the facts.''

It is contended by defendant that the court erred in applying the doctrine of *res adjudicata* to the present case. In *Hanna v. Read,* 102 Ill. 596, it is said:

''Whether the adjudication relied on as an estoppel goes to a single question, or all the questions involved in a cause, the fundamental principle upon which it is allowed in either case, is that justice and public policy alike demand that a matter, whether consisting of one or many questions, which has been solemnly adjudicated by a court of competent jurisdiction, shall be deemed finally and conclusively settled in any subsequent litigation between the same parties, where the same question or questions arise, except where the litigation is a direct proceeding for the purpose of reversing or setting aside such adjudication.''

The rule in respect to the conclusiveness of the verdict and judgment in a former trial between the same parties, when the judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive *per se,* is that it must appear by the record of the prior suit that the particular controversy sought to be concluded was necessarily tried and determined; that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties; and, further, in cases where the record does not show that the matter was necessarily and directly found by the jury, evidence *aliunde* consistent with the record may be received to prove the fact. But even where it appears from the intrinsic evidence that the matter was properly within the issue controverted in the present suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination, it will not be concluded. *Sawyer v. Nelson,* 160 Ill. 629; *Rhoads*

*v. City of Metropolis,* 144 Ill. 580; *Geary v. Bangs,* 138 Ill. 77.

In *Watts v. Watts,* 160 Mass. 464, 36 N. E. 479, a wife, soon after being ejected from her home by her husband for adultery, sued him for separate maintenance. He defended under the general issue but did not introduce evidence of her adultery. A decree was rendered for the wife, reciting that for "justifiable cause" she was living apart from him. In that case, the Supreme Court of Massachusetts held that in a subsequent suit by him for divorce the decree in the separate maintenance suit was not conclusive, that she had not committed adultery since that issue was not necessarily involved in the former suit.

The question, therefore, naturally arises, was a determination of the matters involved in the cross-bill of defendant and the bill of complainant necessarily involved in the determination of the issues in the prior litigation?

While the original bill of defendant filed November 19, 1912, was a bill for separate maintenance, on January 21, 1914, she filed an amended bill praying for a divorce solely on the ground of extreme and repeated cruelty and the hearing and decree which was entered was a decree upon the bill for divorce. As stated in the opinion of the Supreme Court in *Lyons v. Lyons,* 272 Ill. 329, and the opinion of the Supreme Court shows that the case was treated by both parties as a bill for divorce, solely. The jurisdictional question that defendant had resided in the State of Illinois more than one year before the filing of her bill being a question pertaining to divorce suits and not to suits for separate maintenance, the venue in which latter suit being determined by the residence of the defendant and not that of the complainant.

Whether or not, on the 23rd of September, 1912, complainant struck defendant and ordered her from his home, were questions the determination of which were not necessarily involved in the finding that com-

plainant was not guilty of extreme and repeated cruelty, one act of cruelty not being sufficient to prove the allegations of extreme and repeated cruelty. Neither was the determination that ''the leaving of said home by the complainant, Mary Frances Lyons, and living separate and apart therefrom, was not through the fault of said defendant'' necessarily involved in the rendition of the decree of March 14, 1914.

In *Wahle v. Wahle*, 71 Ill. 510, it is said:

''Is, then, the record of a judgment finding the issues against a complainant, who seeks a divorce on the ground of abandonment, conclusive evidence in favor of the defendant's right to recover maintenance? Does such a record conclusively prove that she is living apart from her husband without her fault? It cannot be pretended that the object of the bills and the relief sought are, in each case, the same. Nor will the same evidence necessarily determine both cases. To sustain the bill for divorce, the proof must show that the abandonment was without the fault of the complainant; that it was wilful, and that it was continuous for the period of two years. If, therefore, the abandonment was for less than two years, if it was by mutual consent, or if it was induced by the acts of the complainant, whatever may have been the fault of the defendant, the verdict would necessarily have to be for the defendant.

''To sustain the bill for maintenance, the proof must show that the complainant lives separate and apart from her husband without her fault. If, therefore, she voluntarily abandoned him, if she was compelled to abandon him on account of her adultery, or her wicked conduct, the verdict would necessarily have to be against her. Proof of fault in one is not evidence of correct deportment in the other. Nor does it follow, because one is unable to maintain an action, the other must necessarily be entitled to recover.''

The finding of the court in the decree of March 14, 1914, that ''the leaving of said home by the complainant, Mary Frances Lyons, and living separate and apart therefrom, was not through the fault of said

defendant,'' not having been a finding as to a matter necessarily involved in or material to the issues of the former suit, was not binding as *res judicata*. *Yeates v. Briggs*, 95 Ill. 79; *Gaffield v. Plumber*, 175 Ill. 521; *White v. Sherman*, 168 Ill. 589.

In *People v. Wyanet Elec. Light Co.*, 306 Ill. 377, it is said:

''It is absolutely necessary in order that a former judgment should operate as an estoppel by verdict that there shall have been a finding of a specific fact in such former judgment or record that is material and controlling in that case and also material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily determined by the court rendering the judgment interposed as a bar by reason of such estoppel. If there is any uncertainty on this point by reason of the fact that more than one distinct issue of fact is presented to the court the estoppel will not be applied, and for the reason that the court may have decided it upon one of the other issues of fact.''

A former judgment to constitute *res judicata* must have been upon the merits of the questions involved in the suit and not for defects in pleading. *Gage v. Ewing*, 114 Ill. 15; *Emory v. Keighan*, 88 Ill. 516; *Vanlandingham v. Ryan*, 17 Ill. 25; *Smalley v. Edey*, 19 Ill. 207.

The decree entered on November 1, 1915, dismissing defendant's cross-bill, it will be seen from an inspection of the record in that case which is set out in full in the pleadings in this case, was not an adjudication upon the merits of that case as there was no evidence as to the facts involved in the case heard in open court, which by reason of the statute of this State (section 8, ch. 40, Rev. St., Cahill's Ill. St. ch. 40, ¶ 9) is the only manner in which a divorce case can be heard in this State upon the merits. It is always proper to inspect the entire decree in a case to determine its nature and effect and, in so doing, we find that this decree of November 1, 1915, does not contain

a finding upon any of the facts involved in the present case and an inspection of the entire record of the case in which said decree is rendered (the same being in evidence in this case and set out in the pleadings of this case) discloses the fact that no evidence was heard upon any of said questions. In our opinion, therefore, this decree cannot be held to be *res judicata* as to the questions involved in the present litigation.

Assuming, however, for the sake of argument, that the decree of November 1, 1915, was an adjudication upon the merits, such decree is not a bar in this case because a finding in that case, even if such finding had been made, that defendant was not entitled to a divorce from complainant on the ground of extreme and repeated cruelty or adultery is not a bar in the present case because such findings were not findings necessary to a determination that defendant was not entitled to a divorce on that ground.

Marriage is a civil contract to which there are three parties, the husband, the wife and the State. In 9 Amer. & Eng. Encyc. of Law (2nd ed.) 728, it is said:

"The State is interested in the preservation of the marriage relation, since this relation is promotive of morality and inures to the perpetuation of its citizens. * * * Since, as citizens of the State, the relatives and children of the parties have an interest in the marriage but cannot be protected, as they cannot become parties to a divorce suit, the interest of such persons is said to be represented by the court. In some States the court is relieved of such anomalous position by statutes authorizing the appearance of a prosecuting attorney or other officer to represent the State. Thus, a suit for divorce is not a suit between two parties, but is a triangular proceeding, in which the State is an adverse party, as the State has an interest in all suits for divorce. * * * The court, as representative of the State, is not bound by the pleadings of the parties, but may, on its own motion, examine witnesses as to suspicious conduct showing recrimination, collusion or condonation, although the defendant has not alleged such defenses."

Even if the former litigation had constituted a bar to prevent defendant from obtaining a divorce from complainant, it would nevertheless be the duty of the court, as the representative of the State, if it should appeal to the court in evidence, whether set up by the pleadings or not, that the complainant has been guilty of adultery, to refuse granting a divorce.

In 19 C. J. 93, it is said: "Divorce is a remedy for the innocent against the guilty; hence if both parties are equally at fault, a divorce will not be granted. This is known as the doctrine of recrimination and rests upon the equitable maxim that he who comes into equity must come with clean hands."

In *Decker v. Decker,* 193 Ill. 285, it is said: "It is well settled, the complainant who asks a divorce on the ground of extreme and repeated cruelty, should be denied a decree if it appear she has been guilty of adultery."

In *Zimmerman v. Zimmerman,* 242 Ill. 552, it is said: "If it appears upon the trial, whether set up by the pleadings or not, that the party asking divorce on the grounds of drunkenness and extreme and repeated cruelty has been guilty of adultery, the divorce will not be granted."

In defendant's cross-bill it was alleged that her knowledge of complainant's adultery with Jessie Wesley Piper had come to her knowledge since the date of the prior decree. In *Shinkle v. Letcher,* 47 Ill. 216, it was held that failure to urge a defense not within the knowledge of a party does not preclude the raising of such question in a subsequent suit especially if it be a matter within the knowledge of the opposite party at the time of the former suit.

From a reading of the decree it is evident that the court cast upon defendant the burden of proving a reasonable cause for absenting herself from her home on September 23, 1912, until the present time. This burden did not rest upon her, but the burden was

upon complainant to prove, not simply that she left
her home on September 23, 1912, and remained there-
from up to the present time, but to prove that she
wilfully deserted or absented herself from her hus-
band without any reasonable cause for the space of
two years and upwards which the court in the present
case did not require but, on the other hand, refused
to allow the circumstances surrounding her leaving
to be inquired into and also denied permission to
show that living separate and apart after said time
was in accordance with an agreement between the
husband and wife. The court also refused to receive
in evidence a stipulation between the parties in which,
among other things, it was provided that "the marital
relations shall not be resumed, except by mutual con-
sent."

A living separate and apart to constitute desertion
must be against the will of the party claiming deser-
tion and where parties live separate and apart by
mutual agreement it does not constitute desertion on
the part of either and neither of said parties is en-
titled to a divorce on the ground of desertion.

It is claimed, however, by complainant that this
case was tried before a jury and that as the abstract
does not show a motion for a new trial was made, this
court cannot consider any errors in the admission or
exclusion of evidence. In the present case, however,
the pleadings and decree upon their face show that the
decree was not in accordance with the law of the case.

Other technicalities are raised by complainant.
This case is not simply a case between the two parties
but is a case in which the State, and the court as a
representative of the State, is "interested in the pres-
ervation of the marriage relation, since this relation
is promotive of morality and inures to the perpetua-
tion of its citizens," and where, as in this case, it is
apparent from an inspection of the entire record that
substantial justice has not been done and that due
regard has not been shown to the interests of the

State, the decree of the circuit court will be reversed without regard to technicalities.

The decree of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*